Per Curiam.

The plaintiffs shipped on half freight, on the deck of the defendants’ vessel, twelve bales of cotton for Liverpool; which, for the preservation of ship and cargo, were, in a storm, thrown overboard; and the question is, are they entitled to average ? It is conceded, that to general average they are not: that the shippers of goods ■ under hatches, and the insurers on ship and cargo, [*45] are not liable to contribution *on account of their presumed ignorance of any part of the cargo being placed in so perilous a situation.(a) But it is insisted there is not the same ground of-exemption for the shipowners, *69 because such fact is to be presumed within their knowledge; and they are benefited by the extra freight. If this reasoning be correct, its effect would be to make the shipowners insurers of all goods laden on deck, without premium, and at half freight; which certainly would be the height of injustice.
It is sufficient for our purpose, that the usage has been against the allowance of average to goods placed on the deck of a vessel. This is proved to be the case, from the testimony of several insurance brokers and merchants, of long standing among ns; some of whom carry it back as far as thirty years ; a period, however, too short, it is said, to establish a usage. The true test of a commercial usage is, its 'having existed a sufficient length of time to have become generally known, and to warrant a presumption that contracts are made in reference to it. This appears to be the case in the present instance. We are, therefore, of opinion, that judgment be for the defendants.
Judgment for the defendants.

 Goods laden on deck are never contributed for; but a boat may be a subject of general average. Lenox v. Marine Ins. Co., July, 1802. The reason why for goods laden on deck 'neither contribution nor general average, in case of ejection, can be claimed, is, that they themselves increase the danger of the navigation, and are taken on 'board, under an implied agreement that they shall be sacriflcéd, if it be necessary to eject.