CHRISTIAN UNIVERSITY, Respondent, v. JORDAN, Appellant.

1. If a corporation to which the act to prevent illegal banking (R. C. 1855, p. 286) is applicable violate the same by receiving and passing bank notes of less denomination than five dollars, this violation may be pleaded in bar of any suit instituted by such corporation. (R. C. 1855, p. 288, § 9.)
2. To render a corporation responsible for the acts of its agent, a treasurer, in illegally receiving or passing bank notes of less denomination than five dollars, it is not necessary that the agent should have express authority from the corporation.

*Appeal from Hannibal Court of Common Pleas.*

This was a suit by the " Trustees of the Christian University" to recover certain instalments alleged to be due said University under a contract entered into by defendant, August, 1854. The defendant admitted the execution of the obligation sued upon, but pleaded that the plaintiff, by its officers and agents, had violated the act, approved December 8, 1855, to prevent illegal banking, &c., by passing and receiving, within the limits of this state, bank notes promising or ordering the payment of money, of less denomination than five dollars. The evidence bearing upon the question of the violation of this act is stated below in the opinion of the court. The cause was tried by the court without a jury.

The defendant asked the court to give the following instructions: " 1. If the treasurer of said University received or paid out, within the limits of this state, bank notes, promising or ordering the payment of money, of less denomination than five dollars, before the institution of this suit, the verdict ought to be for defendant.   2. According to the evidence in this cause, the verdict ought to be for defendant. 3. By the pleadings and evidence in this cause, the plaintiff is a corporation of the state of Missouri.   4. If the plaintiff, being a corporation, within this state, has, before the institution of this suit, itself, or by and through its duly constituted and authorized agent or officer, received or paid out, within the limits of this state, bank notes, promising or ordering the payment of money, of less denomination than five dollars, the verdict ought to be for defendant.   5. If Samuel Hatch, as treasurer of the University, paid out, in the discharge of debts due by the institution, bills of a denomination less than five dollars, such payment was, in contemplation of law, a payment by the corporation, although made by said Hatch without any direction upon the part of said corporation as to what kind of money he should receive or pay out."   Of these instructions the court gave the third and fourth, and refused the others.

The court found for plaintiff.

*Glover & Richardson*, for appellant.

I. The act of an officer in the scope of his duty is an act of the corporation.   The court erred in refusing the instructions asked.

*Dryden & Lipscomb*, for respondent.

I. The statute has no application to the plaintiff.   If it does apply, there is not the slightest proof that the plaintiff authorized any of its agents to pay out or receive, within the limits of this state, bank notes, promising or ordering the payment of money, of less denomination than five dollars. The authority of the treasurer was to receive and pay out

money under and in accordance with the law. His authority could be shown by the record of the corporation alone. (Angel & Ames, Corp. § 283.) The authority to violate law can not be presumed.

Scott, Judge, delivered the opinion of the court.

This case, in the court below, seems to have turned on the point whether the treasurer of the corporation was authorized by the directors to deal in bank notes of less denomination than five dollars. The treasurer of the University stated that he had been acting as such for some years; that he was the only person authorized by said corporation to receive and pay out money; that as such officer he had frequently paid out and received, within the limits of this state, bank notes, promising or ordering the payment of money, of less denomination than five dollars; that he had never received as treasurer any directions or instructions from said corporation what kind of money he should receive or pay out.

Corporations are subject and entitled to the same presumptions as natural persons. If a resolution or order of the board of directors was necessary in order to make the company liable for receiving or paying out illegal currency, it is obvious that the law against illegal banking could never be enforced against corporations. It is hardly to be supposed that an order to do an illegal act would be spread upon the minutes of the board. If an agent, against the will of the corporation, was to do an illegal act, it would be hard to hold it responsible for it. But if an authorized agent of an incorporated company will for years continue in the violation of law, and he is never checked in it, nor his conduct disapproved by his employers, it would be difficult to find an excuse to exempt the company from the consequences of such conduct. A corporation, by the interposition of an agent, can not place itself in a better situation than a natural person. A money broker in the east may do business here by an agent; he may never come here, nor know in what kind

Christian University-v. Jordan.

of currency his agent is dealing. In a suit upon a note to the money broker, would it be any answer, to the defence that the consideration of the note was for the loan of prohibited currency, to allege that the broker had never directed his agent in what kind of currency he should deal? It may seem hard that a corporation should lose its debts by the acts of its agents, when there is no express authority for those acts. But corporations, being ideal, artificial persons, can only act through agents; and, if they violate the law, why should they be in a better situation than natural persons? The agent was in this state and subject to her laws. It was his duty to know and to observe them; if he has failed in this, why should the ideal body be in a better situation than all other persons?

Although the act declares that there shall be a forfeiture of the charter of any corporation for a violation of its provisions, yet we conceive that it is only a forfeiture *pro hac vice*; that is, so far as the particular action in which the defence is set up is concerned. We do not suppose that a total and absolute forfeiture was designed, such as would take place on a judgment against a corporation on a *quo warranto*. Had such a consequence been contemplated, it is of so serious weight that it would have been expressly declared. The purpose of the act is accomplished in permitting the forfeiture to operate only so far as to take away the right of action in the particular cause in which its violation is set up as a defence.

It will be observed that the corporation (the plaintiff in this suit) was incorporated after the provision in the act concerning illegal banking, on which the defence in this action is based, had been incorporated into our code of laws. Hence its charter was taken with the knowledge of the existence of the provision on which this defendant bases his defence. As to the effect of the provision on charters which were granted prior to its enactment, it is not deemed necessary that any opinion should be expressed.

Judge Ewing concurring, the judgment will be reversed and the cause remanded. Judge Napton absent.