## RINDSKOFF BROS. v. BARRETT.

1. IMMATERIAL INSTRUCTION: REPETITION. The Supreme Court will not reverse a judgment for the refusal of the court to give an instruction on the trial which had no practical bearing on the question involved, or which was substantially embraced in another instruction which was given to the jury.

2. CONSTRUCTION OF CONTRACT. In the construction of a contract, it will be presumed that the parties intended that the language used should have its usual or legal signification, unless it is affected by a custom with reference to which it must be supposed that the parties contracted.

14 101
92 374
14 101
109 399
14 101
129 421
14 101
131 530

3. SAME: GENERAL AND LOCAL CUSTOMS. When the custom is general, there is a presumption of knowledge on the part of the contracting parties : if local, knowledge must be shown before it will avail to affect the contract.

4. SAME: REQUISITES. The requisites of a good custom are, that it must be established, uniform, general and known to the parties : the *degree* in which all these should attach, must depend upon the peculiar circumstances of each case.

5. LOCAL CUSTOM: A custom in a particular locality, where not in violation of law, becomes a law to the parties contracting with a knowledge of it.

*Appeal from Des Moines District Court.*

SATURDAY, OCTOBER 18.

THIS action is upon a note assigned to plaintiff before maturity, payable "in currency." By reference to 11 Iowa, 172, it will be found that the paper was held not to be negotiable, in the absence of some custom, to be averred and proved. When the cause was remanded, plaintiffs replied to defendant's answer, by averring that it was the intention of the parties, the maker and payee, to make said note negotiable, " and that by the custom of merchants, banks and business men, in the city of Burlington, where said note was executed and made payable, it is the custom to negotiate and use such notes, the same as other notes in which the words ' in currency ' are omitted."

Upon this question of custom, much testimony was introduced by either party, and the defendant asked this instruction, which was refused : " The custom must be proved to have been continuous and uninterrupted, and must be uniform. If there is a practice with some one way and with some another, then there is no custom." The jury found specially the existence of the custom, and, as a con sequence, the note was held to be negotiable. A motion in arrest, and for a new trial was made : 1. Because the matter stated in plaintiffs' replication, setting up a custom, is not sufficient, and is against the public policy of the state. 2. Upon the ground that the verdict was against the evi-

dence, and the instructions of the court; and, 3. The refusal to give the instructions asked. This was overruled, judgment on the verdict, and defendant appeals.

*Hall, Harrington & Hall* for the appellant, cited 2 Wend., 501; *Stevens* v. *Reeves*, 9 Pick., 200; *Allen* v. *Dykers & Alstyne*, 3 Hill, 593; *Dykers* v. *Allen*, 7 Id., 498; *Geebrick* v. *The State*, 5 Iowa, 497.

*J. Tracy* for the appellee, relied upon *Farnsworth* v. *Chase*, 19 N. H., 534; *Watt* v. *Hock*, 25 Penn. S. R. (1 Casey), 411; *Gleason* v. *Welch*, 43 Maine, 397; 5 Wis., 265.

WRIGHT, J.— The bill of exceptions recites that evidence was introduced tending to show that there was a custom among bankers, merchants and business men, in the city of Burlington, by which the note sued upon was negotiable, and several witnesses, viz.: W. F. C. and other citizens, who were bankers, merchants and business men, testified that there was such a custom. But some witnesses testified that they had lived in Burlington many years, had had some opportunity to know if such custom did exist, but that they knew nothing of it. W. W. W. testified that he had been in the banking business for some ten years in the city, that at its date he was connected with the banking house where said note was payable, that the defendant generally made his notes payable there because at that time witness was his agent in collecting rents, &c., and had funds collected with which to pay said notes, and that during his residence in said city he had never known such custom. One J. testified that he had, for a number of years, been engaged in the banking business in different banks in said city, that quite often there was a variance among bankers as to the different banks whose currency was received on deposit, that sometimes one bank would receive the notes of certain banks which the others would not, and that at

such times the term currency would not represent the same thing in all the banks, and that he did not know of any such custom.

Without examining now, the correctness of the instruction asked, in all its parts, we think there are two grounds upon which its refusal may be justified. In the first place, from the testimony, the jury was bound to find for or against the existence of a custom, uniform, continuous and uninterrupted in its character. Witnesses for plain· tiffs testified that there was a custom as claimed—those for defendant that there was not. What was said by witnesses about defendant's notes being payable at a particular bank, and a want of agreement among the banks in receiving currency, was of no practical moment, and could have no practical bearing upon the question involved. If plaintiffs' witnesses were credited, there was such a custom—if defendants, there was not.

But the more conclusive ground is, that this instruction had already been given in effect. Thus the court had instructed that the "question to be determined was, whether there existed, in the city of Burlington, at the date of the note sued on, some custom among merchants, bankers and business men generally, by which the note in question was considered negotiable." "That to constitute a custom which will make the note negotiable, the jury must find that it was uniform, and existed for such a period as to be generally understood by merchants, bankers and business men in the city, (and) to have been acted upon by them." "At common law, and by the laws of this state, the note is not negotiable. The plaintiff has pleaded a custom, making the note negotiable. If the jury find there was a custom of such a character as set forth in the instructions, then they will find for plaintiffs the full amount of the note. But if they find there is no such custom, they will look to see if defendant is entitled to any set-off or cross-claim."

Rindskoff Bros. v. Barrett.

The main question in this class of cases is, in what sense did both parties use the language found in the contract, and how did each have reason to believe that the other understood it. They are presumed to have intended that it should have its ordinary and received signification, or the meaning which the law attached to it. Custom may be used, however, to affect the *construction* of a contract, or to "substitute in the particular instance a rule resulting from the usage, in place of that which the law, not the contract of the parties, would prescribe." It is hardly correct to say that a contract (express) is controlled by a custom, but that it may be affected by it is too well settled to now admit of doubt. Mr. Parsons says, and truly, that the word embraces very many degrees of the same meaning. One extreme is that ancient, universal and well established custom, which is in fact, law. The other is a manner of doing a particular thing in a small neighborhood, or by a small class of men, for a few years. Whatever it is, if it falls within the reason of the rule which makes it a part of the contract, it amounts to a custom. And if it is so far established, and so far known to the parties, as that it must be supposed that they contracted in reference to it, it comes within the reason of the rule. This custom may be general or local. If general, then a presumption of knowledge on the part of the contracting parties arises. If local, the knowledge of the parties must be proved, before it can avail to affect the contract. If established, the length of its duration is not very material. The characteristics of a good custom are said to be that it shall be established—uniform, general and known to the parties. But, as before suggested, the *degree* in which all these should attach must depend, in each case, upon its peculiar circumstances. (2 Pars. Cont., 53, 54; *Smith* v. *Wright*, 1 Caines, 43; *Martin* v. *Delaware Insurance Company*, 2 Wash. C. C., 254; *Dor-*

*chester Bank* v. *New England Bank*, 1 Cush., 177 ; *Stevens* v.
*Reeves*, 9 Pick., 198.)

In this case, the court told the jury that the custom to
be good must have been uniform, and existed for such a
length of time as to be generally understood by merchants,
&c., and to have been acted upon by them.   Under the
circumstances disclosed, we think this stated the rule with
sufficient accuracy, and obviated the necessity of giving
that asked.

We do not think the objection that the replication did
not state that this custom was known to defendant, can be
taken advantage of, after verdict.   The defect is not of such
a substantial or material character as can avail the party on
a motion in arrest, or for a new trial.

It is also claimed that the statutes of this state give a
construction to this contract, and that custom cannot change
or modify such construction.   And in this connection it
is suggested, (not, it is true, with much apparent confi-
dence), that by the constitution all laws are to be uniform,
and that, as by statute, a note could not be negotiable in
one city and not so in another, neither should a custom be
tolerated which may result in the same thing.   It must be
remembered, however, that we have no statute prohibiting
such custom.   A custom in a particular locality, when not
in violation of law, becomes a law to parties contracting
with a knowledge of it.   The same general rule as to what
makes custom, and its application in the construction of
contracts, obtains uniformly over the state.   It might as
well be claimed that all parties must make the same kind of
contracts, as that they may not contract in reference to
different customs.

                                        Affirmed.