————o————

W. B. MARTINDALE, Appellant, *vs.* KANSAS CITY, ST. JOSEPH AND COUNCIL BLUFFS RAILROAD COMPANY, Respondent.

1. *Railroads—Failure to transport passenger to old depot—Knowledge of change by passenger—Contract held to be made in reference to change, when.*—In suit against a railroad company for failing to carry plaintiff to its original depot, where it appeared that the company had abandoned its old depot for one, half a mile short of that terminus: *Held*, 1st. That although the change had been adopted only a few weeks prior to his purchase of ticket, yet, the running of the trains having been uniformly to the new depot since that change, will be considered as a usage of the company, in reference to which plaintiff must be held to have contracted. That *a fortiori*, such is the case where plaintiff knew of the change at the time of procuring his ticket; 2nd. That the question whether defendant had violated statutory requirements could not be raised in such a suit.

2. *Corporation, illegal act of—When may be investigated by private citizen, collaterally.*—The only exception to the rule which prohibits collateral inquiry by a private citizen into the supposed illegal acts of a corporation, is where such investigation is expressly authorized by the legislature.

*Appeal from Andrew Circuit Court.*

*Ray, Harlan & Martindale,* for Appellants, cited in argument, Sto. Bailm., 6th. ed., p. 606, § 600; Dudley vs. Smith, 1 Campb., 186; Weed vs. S. & S. R. R., 19 Wend., 534;

Ker. vs. Mountain, 1 Esp., 27; 21 Ill., 176; 43 Ill., 513; 13 Wend., 611, 627–8; Porter vs. Steambt. New England, 17 Mo., 290; Marony vs. Old Colony R. R. Co., 106 Mass., 153.

*Hall & Mossman*, for Respondent, cited 2 Pars. Cont., 472. 498 and note, 499, 500, 536 to 547 and notes; *Id.*, 187 and note, to same, and 188; Chitty Cont., 873; S. W. F. and C. P. Co. v. Stannard, 44 Mo., 71; Martin vs. Hall, 26 Mo., 386: Soutier vs. Kellerman, 18 Mo., 509; Whitmore vs. Coats, 14 Mo., 9; 2 Redf. Railw., 135, § 184 and notes; 25 Wend., 660; 37 Mo., 472; Ch. & Alton R. R. Co. vs. Randolph, 53 Ill.; Lackland vs. N. M. R. R. Co., 34 Mo., 259; 1 Bibb., [Ky.], 292–3; 7 Cowen, 609; 1 Handy, 52.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff bases his complaint on several alleged breaches of contract on the part of defendant, consisting in a failure and refusal to receive and carry plaintiff from its old depot in the town of Savannah to other points on its road; and consisting also in a like failure and refusal to carry him from other points on its road to such old depot, whereby plaintiff, to his damage, was compelled either to walk, or pay omnibus fare to, and from the new depot, a half mile distant from the old one, where the tickets were sold.

The evidence showed that plaintiff, at the time of purchasing the several tickets, was aware of the fact that defendant, after the removal of its track between Savannah and St. Joseph had discontinued the use of its old depot at the former place, except for the receipt and discharge of freight; and had been accustomed, since laying another track, to both receive and discharge passengers, at its new depot.

Under such circumstances, the knowledge of the plaintiff as to the interpretation of the contract by the defendant, and of its regulations in conformity with such interpretation, must be regarded as entering into and forming part and parcel of that contract, if we are to give heed to numerous adjudica-

tions on the point. (Wann vs. West Union Tel. Co., 37 Mo., 472 and cas. cit.; Whitmore vs. Coats, 14 Mo., 9; 2 Pars. Contr., 535, *et seq.*, and cas. cit.; Staunard vs. S. W. F. & C. P. Co., 44 Mo., 71.)

Nor was it material, that the defendant's trains had been running only a few weeks, and since the change of their track, from their new depot, as the true test in all these cases, is, that the usage, of however recent date, has existed uniformly and for a sufficient length of time, to raise the presumption that the contract was made in reference to it. (Smith vs. Wright, 1 Caines, 43; 2 Pars. Contr., 540, 542.)

But in this case there is no room for speculation or controversy as to the intention of the contracting parties; for the testimony plainly shows that plaintiff had full knowledge of the manner in which defendant had been accustomed to run its trains since laying the new track, and therefore, made his contract with the defendant with his eyes open, and in full possession of the meaning that contract was designed to import.

As to whether the defendant has been guilty of a violation of statutory requirements in failing to retain its old depot at Savannah, as the point of departure and arrival of its passenger trains, is a question which cannot be raised in this collateral method of procedure. (Shewalter vs. Pirner, 55 Mo., 218, and cas. cit.; Land vs. Coffman, 50 Mo., 243; Chambers vs. City of St. Louis, 29 Mo., 576.) And the only exception to this rule which prohibits collateral inquiry by a private citizen into the supposed illegal acts of a corporation, is where expressive legislative permission is granted therefor. (N. M. R. R. Co. vs. Winkler, 33 Mo., 354; Christian University vs. Jordan, 29 Mo., 71.)

Judgment affirmed; all the judges concur.