GEORGE S. GOODE v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Contracts: Custom. When a general custom fixes a "car load" at
1  a certain number of pounds, the law presumes that a shipping contract which does not define the term was made with reference to such
2  custom, and conclusively presumes that the shipper had knowledge of it.

*Appeal from Wapello District Court.*—HON. W. I. BABB, Judge.

WEDNESDAY, OCTOBER 24, 1894.

PLAINTIFF'S assignor contracted with the defendant company to transport a railroad grader's outfit from Ottumwa, Iowa, to Lathrop, Missouri, at an agreed price of thirty-five dollars per car. Eighteen cars were used, and the amount demanded and paid for such freight was nine hundred and sixty-two dollars and fifty-five cents, being three hundred and thirty-two dollars and fifty-five cents in excess, as averred by plaintiff, of the contract price; and this action is to recover back such excess, it being averred that it was paid under protest to obtain the property. Defendant concedes

that the contract was to transport the freight for thirty-five dollars per car load, but avers that the contract was made with reference to a general custom of railroads in Iowa and elsewhere to treat twenty thousand pounds as a car load, and to make its charges at that rate, even though more than twenty thousand pounds may be transported in one car. The cause was tried to a jury that returned a verdict for plaintiff, and the defendant appealed.—*Reversed.*

*Cummins & Wright* for appellant.

*W. W. Cory* for appellee.

GRANGER, C. J.—The defendant introduced evidence to show the custom as alleged by it, and the court, on that question, after stating the contention of the parties, said: "On this point you are instructed that if you find by the preponderance of the evidence that the term 'car load' had at the time of making said contract a clearly defined and generally understood meaning among all railroad men and shippers west of Chicago and in the state of Iowa at the time of making the contract in question, and for some considerable time before the making of said contract, and that said meaning was that it meant a car containing twenty thousand pounds of freight of the class of goods shipped by plaintiff, with the right to charge at the same rate for all excess over twenty thousand pounds, and that said meaning was uniform, then there will arise a presumption that the parties to the contract in question used the term 'car load' to designate a car containing twenty thousand pounds of freight, with right to charge at same rate for all excess over twenty thousand pounds; but, if the same was not uniform or not general, but confined to one or two roads, or to a few isolated places, then, in either of such cases, it would only be a local usage, which must be shown to have

come to the knowledge of plaintiff before making the contract in question in order to bind him.   (10) While a general and uniform meaning of the words 'car loads' among railroads and shippers west of Chicago, as explained in the last instruction, at and for a considerable time before the making of the contract in question, will raise a presumption that the parties to this suit used the words 'car load' in that special sense in making the contract in question, yet such presumption is not conclusive; and if the plaintiff in this case shows by the preponderance of the evidence that he did not so understand the term at the time of making the contract in question, then such special meaning of the term 'car load' can not prevail as against him, unless you find from all the evidence, facts, and circumstances of the case that the parties did use it in that sense in making the contract in question.''   It will be seen that the instructions give to a custom clearly defined and well understood by railroad men and shippers in the state no greater force than that a shipper is presumed to contract with reference to it, and that he may avoid that presumption by showing that he did not understand the contract in that sense.   We think the rule as given, when applied to contracts for transportation, is not a correct one.   The courts, in treating of the effect of a general custom, as applied to different facts, seem not to be in entire harmony.   Mr. Parsons, in his work on Contracts [7 Ed.], 675, says:   "Where a custom is found to be general and notorious, and to have the other requisites of a valid custom, it is a conclusion of law that the parties must have contracted with reference to it, and their knowledge is conclusively presumed."   *Hostetter v. Park*, 137 U. S. 30, 11 Sup. Ct. Rep. 1, states the same rule as to the conclusiveness of a custom.   Many authorities might be cited to the same effect.   We regard such a rule as well supported by the authorities.   A large

proportion of the authorities cited by appellant, if not all of them, when properly considered, are in harmony with the rule we announce. See, in our own state, for quite an extended discussion on the subject of a custom affecting the construction of a contract, *Pilmer v. Bank*, 16 Iowa, 321. And see *Rindskoff v. Barrett*, 14 Iowa, 101. Neither of these cases is against the rule we announce. They deal with local customs, and with facts as to which the party sought to be bound by the custom would not be presumed to understand there was a custom, so that, in the absence of an inquiry to know what it was, he would be bound by it. It will be seen by a reference to the instructions quoted that the court deals with both general and local customs, holding that, as to a local custom, knowledge of it must be shown, and as to the general custom, when established by evidence, that it only raises a presumption which the party may overcome by showing that he actually had no knowledge of it. Our conclusion is that if the parties do not by their contract define what shall be a car load, the general custom, where there is one, prevails, and, when proven, it conclusively, rather than presumptively, fixes the terms of the contract. For the error in the instructions, the judgment is REVERSED.