HARRY KELSEY, Appellee, v. C. H. PUCKETT, Appellant.

CUSTOMS AND USAGES: Adding to Terms of Contract. A general custom may enter into and become a part of an express contract of employment.

*Appeal from Lyon District Court.*—C. C. BRADLEY, Judge.

OCTOBER 24, 1924.

ACTION at law, to recover an alleged balance in the sum of $708.05 due under a parol contract to repair and rebuild a set of farm buildings owned by the defendant. Verdict of the jury finding for the plaintiff in the sum of $621.97, and judgment was entered accordingly. Defendant appeals.—*Affirmed.*

*Warren H. White* and *E. C. Roach,* for appellant.

*Fisher & Riter,* for appellee.

DE GRAFF, J.—This action involves the terms of an oral contract to repair and rebuild in part a set of farm buildings. Plaintiff pleads a flat agreement that the work contemplated by the contract should be paid at the rate of 75 cents per hour for himself, and that plaintiff was authorized to employ other labor to assist in the performance of the work at the best obtainable rate per hour, and should receive an additional sum of 50 cents per day of ten hours for each helper or assistant so employed.

Defendant admits that he employed plaintiff under an oral agreement to do the work and labor at the rate of 75 cents per hour, and that, in the event plaintiff needed help in the performance of said work, the defendant should hire such competent help as was necessary in. the performance of the work at current wages; but it is alleged that plaintiff employed and paid several laborers at a rate in excess of the then existing wage scale, contrary to the agreement.

Plaintiff further pleads that there existed, at the time the contract was made, an established and well recognized custom in the vicinity of Rock Rapids, and at the place where the labor was performed, that a contractor or supervisor of work of this character receive a reasonable compensation for transporting and conveying the laborers from their homes to the place where the work was to be done, and that the person having the work done should pay for the time consumed in going to and from the job of work at the contract price per hour. It is also pleaded that it was a well recognized custom, at the time said contract was made, that, in the performance of cement work, the employer should pay the contractor the reasonable compensation

for the use of his cement mixer. It is further alleged than 10 cents per mile is the reasonable value for the use of his car in conveying help, under the circumstances, and that the reasonable value for the use of the cement mixer is 15 cents per sack of cement used and mixed. Defendant denies the existence of the custom, and alleges that the contract as pleaded by him contained the terms of payment, and none other.

The geography of the case discloses that defendant's farm is near Bigelow, Minnesota, and situated thirty-three miles from Rock Rapids, Iowa.

There is no controversy that the original agreement between the parties contemplated the payment of 75 cents per hour to the plaintiff for his work. The only dispute in the evidence on this phase of the agreement is the qualification pleaded by the defendant that, in the event that the current wages should come down, the defendant was to have the benefit of the decrease. The evidence bearing on this phase of the case is in conflict; and this being true, it is not the function of this court to disturb the finding thereon.

The primary issue involves the pleaded custom. Evidence pro and contra was offered on this proposition. The testimony is in direct conflict. The trial court specifically instructed that recognized and well known usages and customs enter into and govern the subject-matter to which the contract relates, unless rebutted by the agreement itself, and that:

"Any such existing customs as are generally known to exist enter into and form a part of every contract to which they are applicable, although they are not mentioned or alluded to in the contract. Although the custom of a trade or business cannot be set up to vary the terms of an express contract, yet all contracts made in the ordinary course of business without particular stipulations to the contrary, are presumed to be made in reference to the customs of such trade, if any such exist."

The jury was further told that the usage of trade or business in order to be binding upon the parties, must be generally known and established among those who are engaged in the business where the usage is claimed to exist, and so well settled and so uniformly acted upon as to raise a fair presumption that

it is known to both the contracting parties, and that they contracted in reference to it.

The proposition advanced by appellant presents a fact question only. As heretofore stated, the evidence is in conflict. The jury determined this issue under the evidence, and therefore there is nothing for this court, in its appellate capacity, to determine. It is to be observed that we are not dealing with an implied contract, but an express oral agreement. There is a presumption in law that all services rendered by an employee during the period for which he is employed, of a nature similar to those required in the course of his regular duties, are compensated under the stipulated agreement; but it is also recognized that a recovery may be had for extra services upon proof of facts from which a promise to pay may be implied, although short of an express promise. With this proposition, however, we are not concerned. We are dealing with a plea of general custom; and plaintiff specifically alleged that a general custom existed between contractors and builders which entered into and became a part of the contract between the parties hereto. A witness, having shown his competency to speak on the matter in issue, is privileged to state his knowledge in the premises. Plaintiff was entitled to show that a custom of the nature pleaded existed, and that it prevailed at and prior to the time the contract was executed. This testimony is competent and admissible, under a well defined rule of law. *Rindskoff Bros. v. Barrett,* 14 Iowa 101; *Beatty v. Gregory,* 17 Iowa 109; *Couch v. Watson Coal Co.,* 46 Iowa 17, 20; *Weyand v. Atchison, T. & S. F. R. Co.,* 75 Iowa 573; *Milroy v. Chicago, M. & St. P. R. Co.,* 98 Iowa 188, 192; *McGuire v. Interurban R. Co.,* 199 Iowa ——.

Upon a careful review of the record, we discover no reversible error. Wherefore, the judgment entered is—*Affirmed.*

ARTHUR, C. J., and STEVENS and VERMILION, JJ., concur.