CURRIER *v.* JANVRIN, & CHURCHILL & a. *Trs.*

A deed of land to A, "upon the terms and conditions that B is to take the possession and income of the land during his life," conveys the right of possession and the income to B for life, without any words of formal grant to him.

In foreign attachment of rent due the defendant, if a claimant is entitled to have a part of the rent applied as a trust fund to the payment of repairs or other expenses charged upon the rent, his right may be protected by the appointment of a receiver or trustee.

FOREIGN ATTACHMENT. The trustees disclosed rent due from them

---

* SMITH, J., was not present at this term.

to the defendant for the use and occupation of a store. The father and two sons of the defendant were allowed to become parties, as claimants of the fund disclosed by the trustees. Issue between the plaintiff and the claimants. Facts found by the court.

The defendant's father, G. J., gave the store by deed to the defendant's two sons, G. J., Jr., and C. W. J., " upon the terms and conditions that A. J. [the defendant], the father of said G. J. and C. W. J., is to take the possession, care, and custody of the said premises, for and during the term of his natural life, to let or lease the same, collect all rents and incomes to be derived therefrom, and to pay all taxes, insurance, repairs, and incidental expenses that may accrue on said premises, and the balance appropriate to his own use if he chooses so to do, or to such uses and purposes in the exercise of his judgment as he may see fit, but said income not in any ways liable for his debts or liabilities or he accountable to any person therefor; and at any time he may desire or deem expedient, relinquish the possession of the said premises to the said G. J. and C. W. J." When the deed was delivered, the defendant gave his father a written agreement to pay him one half of the rent, stipulating that his father should pay half of the taxes, repairs, and insurance. The defendant took possession of the store under the deed, let it, collected the rent, and used the rent as he pleased.

*Towle*, for the plaintiff.

*Hatch*, for the claimants.

DOE, C. J.   The defendant is not formally named in the deed as a grantee. But effect is given to the grantor's intent; and the deed shows his intent to give, and his understanding that he did give, to the defendant, at least as much as the possession and control of the store, the right to let it and collect the rent, and the absolute ownership of the remainder of the rent left after payment of taxes, insurance, repairs, and incidental expenses. The defendant's agreement to pay half of the rent to his father is immaterial. It was not a conveyance or assignment, and did not affect the title of what passed by the deed.

If the deed makes the defendant a trustee of so much of the rent as is necessary for the payment of the taxes and other ordinary charges, —if, to that extent, his sons have rights entitled to protection (*Peirce* v. *Burroughs*, 58 N. H. 302, 304),—they could be protected by the appointment of a receiver or trustee authorized to collect the attached rent, and pay such charges.   But as it does not appear that any part of this fund is or will be needed for that purpose, this case is not affected by the provision made in the deed for the payment of such charges.

The attached rent is a debt due from the trustees to the defendant. It is his property. He has the entire legal and equitable ownership.

His title is subject to no condition, restriction, or trust. There is no restraint of his right of alienation. He can apply this rent to the payment of his debts, or to any other purpose. It is his in the fullest sense in which any property can be his. The donor retained no right of forfeiture or reverter, and has no legal or equitable interest in the rent; and the plaintiff is entitled to judgment against him. Whatever questions might have been raised by the defendant's sons, if any part of the attached rent were needed for the payment of taxes or other charges, or if the defendant had relinquished the possession of the store to them, they have no legal or equitable interest in this fund, and the plaintiff is entitled to judgment against them. The plaintiff's attachment is contested by nobody but the claimants, and they have no interest in the attached property.

The defendant does not resist the attachment, nor raise the question whether, under our statutes (Gen. Laws, c. 209, ss. 5–10; c. 224, ss. 1, 2; cc. 236, 237, 238; c. 249, s. 22; *Johnson* v. *Cushing*, 15 N. H. 298; *Upham* v. *Varney*, 15 N. H., 462, 465), a donor, transferring the unlimited legal and equitable title and use of property to the donee, can impose a disability upon the donee's creditors by exempting the property from the payment of the donee's debts. *Nichols* v. *Eaton*, 91 U. S. 716, 725–729.

*Trustees charged.*

STANLEY, J., did not sit.