DENNETT, *Ex'r, v.* KIRK *& a.*

A will, signed by three witnesses, bequeathing a relief fund of a mutual relief association, though inoperative as a bequest, may be such an order, signed by two witnesses, for the payment of the fund, as is required by the rules of the association.

BILL IN EQUITY, brought by the executor of Oliver C. Kirk to ·obtain instructions for the disposal of a relief fund of $1,200, received by the plaintiff from a mutual relief association of which Oliver, the testator, was a member.    By the rules of the association, the relief, "representing one dollar for each member," is pay-:able at the member's death "by the treasurer from the funds of the association to the wife, children, father, mother, sister, or brother of such deceased member, and in the order named, unless ·otherwise ordered in writing by the deceased member, such order to be signed by two witnesses.    *    *    *    The admission fee ·of members shall be two dollars.    *    *    *    When a relief has been paid, each surviving member shall pay to the secretary a further sum of one dollar."    By his will, Oliver gave his mother, the defendant Hannah E. Kirke, certain property, "including whatsoever sum may be due me or my executor from the Odd Fellows' Mutual Relief Association of the county of Strafford, as a member thereof."    The relief fund is claimed by the mother under the will, operating, as she contends, either as a will or as an order. It is also claimed by Oliver's widow, the defendant Eunice H. Kirk, as the first payee under the·rules.

*A. P. Gould* (with whom was *Hatch*), for the widow.

1. The deceased had no testamentary power over this fund.    It ·was not his property.    Life insurance may be effected by parol without a policy.    May Ins. 13.    The relief is to be given to his family in the order of wife first, then children, then father,

next mother, and so on. It is payable, not in any event to the executor, but to the wife, unless the deceased·member in his life-time directs that it shall be paid to his children, father, mother, sister, or brother. He has no power to order it to be paid to his ·executor. It cannot become a part of his estate. It is not assets in the hands of the executor for the payment of debts. Gen. St., *c.* 160. The statute is designed to protect such provisions for the wife and family against the claims of creditors. *Gould* v. *Emerson*, 99 Mass. 154; *K. Life Ins. Co.* v. *Weitz*, 99 Mass. 157; May Ins., *ss.* 391, 392.

2. The will is not such an order as the rules require. It was not intended as an order. It is not addressed to the association. They are not ordered, or directed, or even requested, to do anything. The relief was not a sum due to Oliver or his executor. His mistake was in supposing it would be a part of his estate.

*Mellows*, for the plaintiff.

1. The contract of the testator and the association depends upon their understanding. The will and the payment of the relief by the association to the executor show that both parties understood the member had testamentary power over the fund. His general power of appointment was as great a power of disposal as he had of his own estate, to take effect at the same time. If he had testamentary power to dispose of it, it becomes subject to the payment of his debts *(Johnson* v. *Cushing*, 15 N. H. 298), and his widow's distributive share.

2. The will is an order for the payment of the relief to the mother. It expresses the desire and intention of the member in a more solemn form and manner than could be done by an order in common form. If the member does not wish the fund to be paid to the persons named, or in the order named in the rules, he may in writing, witnessed by two witnesses, express his preference, and the association will be bound thereby. That is part of the contract. The language used in the will expresses what disposition the deceased desired to have made of the fund as fully and clearly as if he had formally addressed the association by name, and said, " I order and direct the amount due from your association at my death to be paid to my executor for my mother, Hannah E. Kirk." Where language clearly expresses the intention, that intention will be carried into effect. The court will be guided not by the letter, but by the spirit of the instrument. *Judge of Probate* v. *Hardy*, 3 N. H. 147, 151; *Gage* v. *Gage*, 12 N. H. 371, 377; *Marston* v. *Marston*, 17 N. H. 503. It seems clear that this fund belongs to the mother.

FOSTER, J. Is the will, inoperative as a bequest of a fund which was not the property of the testator, an order for the pay-

ment of the fund to Oliver's mother, within the meaning of the rules of the association? It is a writing signed by the member and a sufficient number of witnesses. It distinctly refers to the fund as the subject-matter of his power of appointment. 4 Kent 334; *Burleigh* v. *Clough*, 52 N. H. 267, 280. "Whatsoever sum may be due me or my executor from the Odd Fellows' Mutual Relief Association of the county of Strafford, as a member thereof," is an inaccurate but unmistakable and sufficient designation of the fund which was not and would not be due to the member or his executor. The erroneous description points out the fund with absolute certainty. The will is not addressed to the association, and the part relating to this subject is not a formal order for the payment of the relief either by anybody or to anybody. But it clearly expresses Oliver's desire and direction that it should be paid to his mother. It plainly manifests his intention to so comply with the rules of the association as to exercise his power of selection in her favor. By the formal bequest, he expressly informed all to whom knowledge of it should come that the relief was to be paid to her. He named her as the person entitled to a certain fund that was, in fact, payable to his appointee (with or without certain limitations) at his death. He described the fund as being in the hands of a certain accurately described association. He effectually declared, in a writing signed by himself and more than two witnesses, that his mother should be the payee of that fund, of which nobody but the association could be the payer. A written statement, that a certain thing will be done at a certain time, when made known to the only person who can do it, may be an imperative order that he shall do it. A deed of land to A, upon condition that B is to take the possession and income of the land during his life, is a conveyance of a life interest to B without any words of formal grant to him. *Currier* v. *Janvrin*, 58 N. H. 374. In this case the testamentary language, literally signifying a bequest to the testator's mother of certain money in the hands of a certain association, means that the association is ordered to pay the money to her. That meaning could have been expressed in the more common phraseology of command, but the formal bequest is, in legal construction and effect, an order within the meaning of the rules of the association. The relief was not payable by the treasurer to the widow as the first of the list of payees, because the treasurer was "otherwise ordered" in a manner allowed by the rules, which contain the controlling stipulations of the original contract of Oliver and the association.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.