STRAFFORD.

---

MELLOWS, *Executor, v.* MELLOWS & a.

The ordinary contract of membership of a mutual benefit association is a policy of life insurance, within Gen. Laws, c. 175; and the insolvency of the estate of a deceased member does not subject the sum insured to the payment of his debts.

A will, executed in the usual form, is not such an order as is required by a stipulation of a contract of life insurance which makes the insurance payable to a person therein designated, unless a different payee is appointed by an order acknowledged before a justice of the peace.

BILL IN EQUITY, for a determination of the disposition to be made of $1,042 received from a mutual benefit association by the plaintiff as executor of Patience J. Rand, who was a member of the association. Facts agreed. Rules of the association, section 2. "The object of this association is the payment to the legal heirs (specified in section 18) of the sum of one dollar from each surviving member." Section 4. "The admission fee shall be $2.20." When a member dies, section 17 requires $1.10 to be paid by each surviving member; and membership is forfeited for non-payment. Section 18 is,—"Thirty days after proof of the death of a member of this association, the president and secretary shall sign a draft upon the treasurer for a sum representing one dollar for each surviving member of the association at the time of such death, to be paid from the funds of the association to the husband, wife, children, father, or mother, then equally to the brothers and sisters of such member, and in the order named, unless otherwise ordered in writing by the deceased member, such order to be signed by two witnesses, and acknowledged before a justice of the peace. If the deceased member shall leave neither of the above named relatives or order, the treasurer shall pay all the expenses of the funeral, and cause a monument to be placed over the grave, and the balance, after paying such expenses, shall revert to the treasury of the association."

The deceased left no husband, child, father, mother, or sister. The plaintiff and one of the defendants are her only surviving brothers. Her estate is insolvent if this fund is not applicable to the payment of her debts. All persons interested, except the plaintiff, are made defendants. The only writing claimed by any one to be an order of the deceased concerning the fund is this clause of her will: "I give all the * * * money that may be paid by the Sagamore Mutual Benefit of said Lynn * * * to the Consumptive's Home, situate at Grove Hall, Boston Highlands, in the state of Massachusetts, and under the management of Dr. Cullis."

*Plaintiff, pro se.* The contract of the testatrix and the association was not made for her benefit, but for the benefit of her family and relatives designated by or in accordance with the rules of the association. In no event could the fund become her property, or be held by her executor as assets. Not being her property in any sense, it could not pass to the Consumptive's Home by her testamentary bequest of her property. She had a power of appointment. *Burleigh* v. *Clough*, 52 N. H. 267, 272. But her will was not an exercise of this authority. It was not acknowledged before a justice of the peace, and for that reason is not such an order as the rules require. If it were duly acknowledged, it would be ineffectual because it attempts to divert the fund from the relatives to whom it is limited by the rules.

*B. E. Perry* (of Massachusetts), for The Consumptive's Home.
The contract of the Benefit Association and its members author-
ized an order making the fund payable to any one outside the list
of relatives and connections named in the eighteenth section of the
rules.   "If the deceased member shall leave neither of the above
named relatives or order, the treasurer shall pay," &c.   If she left
no relatives, and could designate no one else as payee, the words
"or order" would have no effect and no meaning.   They are con-
sistent only with an unlimited right of appointment.   The words
"unless otherwise ordered" do not refer merely to the phrase "and
in the order named."   The second section states that "the object
of this association is the payment to the legal heirs (specified in
section 18)."   But all the rules must be taken together: and taken
together they show that the object of the association is the pay-
ment of the fund to the legal heirs (as specified), "unless other-
wise ordered," and if otherwise ordered, then to the payee as
ordered.

The members are not limited, in designating the payees, to the
precise form of order prescribed or suggested in the rules.   The
designation is sufficient if in a form as solemn, guarded, and clear
as the method named.   In this case, the will is equivalent to a
formal order acknowledged before a justice.   If a precise form is
necessary, it is prescribed for the benefit of the association, and its
safe working, and not to limit the rights of payees.   The associa-
tion can waive the objection, and has waived it by paying the
money to the executor.

DOE, C. J.   The contract of membership of the association was
a policy of life insurance within the meaning of the statute, and
the insolvency of the estate of the deceased member did not sub-
ject the fund to the payment of her debts.   G. L., *c.* 175.   If the
will had been acknowledged before a justice of the peace, it would
have been an order, executed with the formalities prescribed by
the insurance contract (*Dennett* v. *Kirk*, 59 N. H. 10); and the
question would have arisen whether there is any limitation of the
persons in whose favor the member could exercise the power of
appointment.   The association was liable to pay the money to or
for the benefit of some of these claimants, and had no interest in
the question raised by their conflicting claims; and it does not
appear that the association assumed to waive the objection to the
execution of the order.   There is no evidence that the payment
of the money to the executor was intended to be a determination
of the rights of the claimants, or that their rights are affected by
the circumstance that the bill is brought by the executor instead
of the association.

The contract does not expressly allow the power of appointment
to be exercised by an order executed in a manner deemed by a
court or jury equivalent in utility to the prescribed form.   The

object of the association is the payment of a certain amount of life insurance after the death of each member; and it may reasonably be inferred that, for a substitutional appointment, a written and acknowledged order, signed by two witnesses, is required, not merely as evidence satisfactory to the payer, but as such a protection of each member, and the payees named in the contract, as the law provides for an owner of property and for his heirs, in the execution of a will or codicil. It might be claimed that anything shown by competent evidence to have been regarded by the parties, when they made the contract, as mere matter of form, the law would not treat as matter of substance. But an acknowledgment of a substitutional order before a justice of the peace might in fact be a material safeguard for the member making it, and for the beneficiaries named in the rules and displaced by the order; and the contract does not authorize any tribunal to dispense with any proceeding exacted by the contract as a substantial security of the rights of those parties. If acknowledgment could be omitted as a useless form, there is no ground of law on which two witnesses, or a signed writing, could be required. The will is not such an order as the contract demands, and the brothers of the deceased are entitled to the fund.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.