JOHNSON *v.* HALL.

Decided December 5, 1891.

1. *Mutual benefit society—Change of beneficiary.*

A certificate issued by a mutual benefit society by which it agrees, at the holder's death, to pay a certain sum of money to the holder's children constitutes an ordinary policy of insurance ; and the holder has no power to change the beneficiaries named in the certificate unless expressly authorized to do so by the policy itself, or by the articles of association or by-laws of the society where these are by the terms of the policy made a part of it.

2. *Distribution of fund—Representation.*

Where a benefit certificate was payable, at the death of a mother, to her children, the issue of a child who died before the mother succeed to the share which their parent would have taken.

APPEAL from *Monroe* Circuit Court.

MATTHEW T. SANDERS, Judge.

*H. A. Parker* for appellants.

This was an ordinary insurance policy, and the assured had no right to change the beneficiaries unless expressly authorized by the contract, or the articles of association or by-laws of the society. Bishop on Cont., secs. 746–7 ; 52 Ark., 201–206; 11 N. E. Rep., 449 ; Bacon, Ben. Societies, 257 ; 34 N. W. Rep., 470 ; 31 Fed. Rep., 177.

*S. J. Price* for appellee.

The brotherhood was purely a benevolent organization. The amount to be paid does not vest in the beneficiary until death of insured. Bacon, Ben. Soc., sec. 306, *et seq.*

HUGHES, J.　B. Johnson, Banks Johnson and Nannie Johnson, by their guardian J. L. Johnson, sued the appellee Robert B. Hall for money had and received.

The facts in the case are, substantially as found by the circuit court, as follows :　That Ellen M. Trotter in 1884 became a member of the Knights and Ladies of Universal Brotherhood and obtained a benefit certificate issued under the laws and regulations of said society, by which it agreed to pay, at her death, a certain sum of money to her children.

That at the time she obtained said certificate she had four children, viz.:   Charlie, Henderson, Edgar and Fannie Johnson, the latter of  whom was a married woman, who afterwards died leaving her surviving the infant plaintiffs, her children.   That, some time after the benefit certificate had been issued to Ellen M. Trotter, she caused the same to be changed by inserting therein after the words, " her children," the *names* of her three minor children, Charles, Henderson and Edgar.   That the names of her three minor children were written in said certificate by J. F. Taylor, the presiding officer of the subordinate lodge to which she belonged, by her request and direction.   The evidence fails to show that said society had adopted any law or regulation authorizing or prohibiting a change of the beneficiary designated in a certificate, or prescribing a mode by which the designation in such certificate might be changed or restricted.   At the death of E. M. Trotter the whole of the pecuniary benefit accruing from said certificate was paid by the society to the guardian of her three children (the appellee) whose names had been written in the certificate in her life time at her request.

The court declared the law to be, in effect :   That the beneficiaries in such certificates issued by mutual benefit societies acquire no vested right to the death benefit provided for by the certificate ; that a member who holds a benefit certificate in such a society has a right to change the beneficiaries designated in it, where there is no law or regulation of the society prohibiting it; and that if the society has prescribed no mode by which such change may be made, the member holding the certificate may exercise the right in any reasonable manner clearly manifesting the member's intention as to the death benefit.

Judgment was accordingly given for the appellee.   Saving all exceptions, after his motion for a new trial had been overruled, the case was  brought to this court by the appellant.

**1. Holder of benefit certificate cannot change beneficiary.**

According to the decision in *Block* v. *Valley Insurance Association*, 52 Ark., 202, the contract in the case at bar and the benefit certificate issued by the society constitute an ordinary insurance policy; and the party obtaining it has no power to change the beneficiary named in the certificate, unless expressly authorized to do so by the policy itself, or by the articles of association or by-laws of the society where these are, by the terms of the policy, made a part of it. The rights of the persons for whose benefit a contract of insurance is made, as held in the case cited, "arise out of and depend upon contract, and must be ascertained and fixed by contract." It follows, therefore, that the beneficiaries in such a contract of insurance do acquire a vested right of which they cannot be deprived by change of the beneficiaries, unless such change is expressly authorized as stated herein. The instructions of the circuit court were therefore erroneous.

**2. Distribution of insurance fund.**

The appellants were entitled to represent their mother and to take her share of the proceeds of the benefit certificate held by their grandmother. Mrs. Johnson had a vested interest in said certificate, which at her death descended to her children. . See *Continental Life Ins. Co.* v. *Palmer*, 42 Conn., 60; S. C. 5 Bigelow's Life and Accident Ins. Repts., 37; *Hull* v. *Hull*, 62 How. Pr., 100.

For the error indicated the judgment is reversed, and the cause is remanded with directions that judgment be entered for the appellants in the circuit court.