EXPRESSMAN'S MUTUAL BENEFIT ASSOCIA-TION *vs.* ALONZO M. HURLOCK, ADMINISTRATOR D. B. N. C. T. A. OF THE ESTATE OF ELIZA A. EHRMAN·

*Benefit Societies—Place of Performance of Contract—Death of Designated Beneficiary Before That of Member—Decree of Court of Another State Upon Bill of Interpleader by the Society not a Proceeding in Rem.*

When a certificate of membership, in the nature of a life insurance policy, in a benefit society chartered by another State, is delivered to the insured by the society's agent in this State, and the claim of the beneficiary is to be paid by the agent in this State, the contract is made and is to be performed here, and the rights of the parties are to be determined by the law of this State.

Defendant, a New York benefit society, issued certificates of membership through its agent in this State, to E., in which E.'s wife was named as the beneficiary entitled to receive a sum of money upon his death. She died before E., and he had made no appointment of a new beneficiary when his death occurred. Plaintiff, the administrator of E.'s wife, claimed the fund and brought suit therefor in

a Court of this State. The defendant society filed a bill of inter-
pleader in a New York Court alleging that the fund due under the
certificates was claimed by several parties, and paid the money into
that Court, by which it was adjudged that the executor of E. himself
was entitled to the fund. Plaintiff, the administrator of the wife,
was not a party to that suit, except by publication.  *Held,*

1st. That since the certificates were delivered in this State, and the
insured resided here, and the money thereunder was to be paid in
this State, the certificates were contracts to be performed in this
State, and the rights of the parties thereunder are to be governed
by the law of this State.

2nd. That according to that law, as settled by previous decisions, the
plaintiff, as administrator of the designated beneficiary, is entitled,
under defendant's form of certificate, to the fund in question.

3rd. That the decree of the New York Court, by which the fund was
awarded to another claimant, was not binding upon the plaintiff, not
having been made in a proceeding *in rem*, and is no bar to plaintiff's
right to recover in this action.

Appeal from a judgment of the Court of Common Pleas
(STOCKBRIDGE, J.), for $1.967.60. The defendant's fourth
plea set forth that the defendant was organized under the
laws of the State of New York ; that its principal office is
located in Elmira, New York ; that the fund sued for in
this case was and always has been in the State of New
York ; that after the death of Charles H. Ehrman, the
fund payable under the certificates issued to him was
claimed by the sons of the said deceased, also by the exec-
utor of his will, also by the administrator as well as the
residuary legatee of Mrs. Eliza E. Ehrman ; that the
defendant filed a bill of interpleader in the Supreme Court
of Chemung County, New York ; that the plaintiff, admin-
istrator *d. b. n. c. t. a.* of E. E. Ehrman, was a party
defendant in said cause, and summoned by order of publi-
cation in accordance with the New York statute : that said
Court had jurisdiction over the subject-matter of the suit,
and decided that the executrix of the last will of Charles
H. Ehrman, deceased, was entitled to the money, and that
the defendant has paid the fund sued for in this case, in
accordance with said decree, to the said executrix.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Wm. S. Thomas*, for the appellant.

The action brought by the appellant in New York was a bill of interpleader and the judgment rendered was *in rem.* The particular cases in which adjudications are binding on all persons are to be ascertained only by reference to statutes or to the common law, as expressed in the reported decisions of its judges. *Freeman on Judgments*, sec. 607. A judgment is *in rem* whenever the process and proceedings are such as to warn all persons that the Court may render judgment affecting certain property and their interests therein, and that they must, at or within a time specified, appear before the Court, if they wish to protect their interest from judicial condemnation. *Ibid*, sec. 606. Foreign judgments *in rem* in regard to personal property are conclusive in the cases where the Court has jurisdiction, so far as the same question cannot be again raised. *Story on Conflict of Laws*, sec. 592. To maintain an action of interpleader, it is necessary to allege and show that two or more persons have preferred claims against the plaintiff; that they claim the same thing, whether a debt or a duty; that the plaintiff has no beneficial interest in anything claimed, and that it cannot be determined without hazard to himself to which of the two defendants the money or thing belongs. There must be an offer to bring the money or thing in Court. *Bassett* v. *Leslie*, 123 N. Y. 399.

The doctrine that a State has complete sovereignty over property in its borders, and that such property can be disposed of by the decrees of its Courts, although the owner or claimant may be a non-resident, and service of process cannot be obtained except by publication, is well settled. *Tyler* v. *Defrees*, 11 Wallace, 331; *Cooper* v. *Reynolds*, 10 Wallace, 308; *Heidritter* v. *Eliz., &c., Co.*, 112 U. S. 300; *Hunt* v. *Hunt*, 72 N. Y. 239; *Connor* v. *Hanover Ins. Co.*, 16 Ins. L. J. 385.

The defendant being organized under the laws of the State of New York, a discharge from the obligation in that State discharges it everywhere, and this without service of process on the non-resident, except such as the statute provides : A corporation must dwell in the place of its creation and cannot migrate to another sovereignty, though it may do business in all places where its charter allows and the local laws do not forbid ; but it must be taken, both as to its government and those who deal with it, as a creature of the law of its own country, and subject to all the legislative control and direction that may be properly exercised over it at the place of its creation.    Such being the law, it follows that every person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts, as the known and established policy of that government authorizes, and whatever is done by that government in furtherance of that policy, which bind those in like situation with himself, who are subjects of the government, in respect to the operation and effect of these contracts with the corporation, will necessarily bind him.    It follows then, that anything done at the legal home of the corporation, under the authority of such laws, which discharges it from liability there, discharges it everywhere.    *Canada Southern R. Co.* v. *Gebhard*, 109 U. S. 537; *Hawkins* v. *Glenn*, 131 U. S. 319; *McKim* v. *Glenn*, 66 Md. 479; *Glenn* v. *Williams*, 60 Md. 93; *Howard* v. *Glenn*, 85 Ga. 238; *Lehman* v. *Glenn*, 87 Ala. 618.

The appellant's prayers are drafted on the theory that the proper construction of the certificate of membership and by-law of the order, precludes the appellee from any interest in the fund.    The third and fourth prayers contend for the proposition that the contract is a New York contract, and should be governed in its interpretation by the decisions of that State. · The testimony shows that the contract was completed in the State of New York, and it is therefore a New York contract.    *Cromwell & Sloan* v. *Royal Ins. Co.*,

49 Md. 378.  In the absence of anything to the contrary, it will be presumed that the place of making a contract is to be the place of performance, and it will be interpreted by that law.  *DeSobrey* v. *DeLaistre*, 2 H. & J. 165; *R. R. Co.* v. *Glenn*, 28 Md. 321; *Eastwood* v. *Kennedy*, 44 Md. 572.

It is decided that the members of a beneficial society having no interest nor property in the fund to be paid on his death to his appointee, but simply the power of appointment, failure to so appoint leaves the fund to be disposed of as provided for in the contract creating the power.  The disposition of the benefit is determined by the charter and by-laws of the society and is to be ordered accordingly. *Bacon Ben. Soc.*, sec. 241, 242, 264; *Relief Assn.* v. *McAuley*, 2 Mackey 70; *Bishop* v. *Empire Order*, 112 N. Y. 627; *Jewell* v. *Gr. Lodge, A. O. U. W.*, 41 Minn. 405.

Where the wife alone was designated as beneficiary, it was held that since the husband could change the beneficiary at any time-she held only an expectancy depending upon the pleasure of the insured, and this interest terminated at her death.  *Richmond* v. *Johnson*, 28 Conn. 447; *Carpenter* v. *Knapp*, 38 L. R. A. 128; *Cullen* v. *Supreme T. K. of M.*, 28 N. Y. Supp. 276; *Hellenburg* v. *Dis. No. 1*, 94 N. Y. 580. No words other than those used could have more clearly expressed the intention of the contract, that Eliza E. Ehrman would only be the donee of the fund in the event of her surviving Charles H. Ehrman.

*Richard S. Culbreth*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

On the ninth day of September, 1899, the plaintiff, as administrator *de bonis non c. t. a.* of Eliza E. Ehrman, brought suit in the Superior Court of Baltimore City on two certificates or policies of insurance for $1,000 each, issued to Charles H. Ehrman, by the Expressman's Mutual Benefit Association, a corporation formed under the laws of New York, and doing business in this State, being represented here by an agent who resides in the city of Baltimore.  The

defendant corporation was formed for the sole benefit of its members and their beneficiaries and not for profit—its object being the collection of contributions or assessments, and the distribution thereof to such beneficiaries as shall be entitled thereto under its by-laws and charter and the policies issued thereunder.   Charles H. Ehrman, the holder of the two policies or certificates on which this suit was brought against the association, died in January, 1899, and was, at the time of his death, a member in good standing.   It appears that his wife, Eliza E. Ehrman, was duly designated as the beneficiary, that is to say, the person to receive the insurance money at his death, and her name was therefore so endorsed upon said policies, and so entered upon the books of the company.   She died, however, about a year before his death, and in the interval between her death and his, he made no designation or appointment of a new beneficiary, and no other name was either endorsed on the policy or entered upon the books of the defendant as beneficiary in the place of hers.   Upon his death the requisite proof thereof was duly furnished, and the defendant thereupon assessed its members to the amount of the two certificates, two thousand dollars, and that sum was collected and was in its hands at the time this suit was brought.

The contention of the plaintiff, the administrator *d. b. n. c. t. a.* of Mrs. Ehrman, is that the insurance money due and payable by the defendant on the two policies sued on are part of her estate, while this position is denied by the defendant, on the grounds, first, that upon a true construction of the certificates the insurance money is payable to the executrix of the insured, Charles H. Ehrman ; secondly, that a Court of the State of New York of competent jurisdiction in a cause in which the plaintiff and all other parties claiming said fund, were parties, has so decided, and that by and under the decree of that Court passed in said cause the defendant paid to said executrix of Charles H. Ehrman the money claimed by the plaintiff in this suit, and third, that the contract of insurance made between the defendant and Charles

H. Ehrman and his beneficiary being a New York contract, it must be construed, not by the law of Maryland, but by the law of New York.

During the progress of the trial five exceptions were taken by the defendant. The first bill of exceptions relates to the ruling sustaining the demurrer to defendant's fourth plea, which sets up payment and pleads the decree of the New York Court as justification thereof, and as a final adjudication of the matter involved in this suit. We have several times called attention to the fact that rulings on demurrers, upon motions to set aside or in arrest of judgment, should not be brought to this Court by bill of exceptions. Such rulings should appear on the face of the record, and a bill of exceptions in such cases is not only not necessary but irregular. *Davis* v. *Carroll,* 71 Md. 569; *Poe's Practice,* sec. 312. The same question, however, is properly presented by another part of the record by which it appears by an appropriate entry on the docket that the demurrer in question was sustained. The subject of the second bill of exceptions is the ruling of the Court by which the deposition of one of the defendant's witnesses taken under a commission issued to New York was not certified under the seal of the officer by whom it was taken. The refusal to admit in evidence a certified copy of the proceedings in the New York Court, which are set out in the fourth plea, forms the ground of the third exception. The fourth was taken to the ruling by which a certified copy of the bill filed by defendant under oath and offered by plaintiff was admitted as evidence against the defendant. Although we have thus stated all the rulings of the Court it will not be necessary to consider them *seriatim,* for if the contract here sued on is a Maryland contract and the New York Court never had jurisdiction of the plaintiff, the law of this State, as declared by this Court in *Thomas* v. *Cochran et al.,* 89 Md. 390, must control, and it would follow that although some errors may have been committed below, yet as it is evident that this plaintiff is the only one who

can rightfully claim, the judgment would have to be affirmed.

We will briefly consider, first, whether the contract sued on is a Maryland contract, and second, the jurisdiction *vel non* of the New York Court.

1. It seems to us too clear for controversy that the contract must be regarded not only as a contract made here, but one also to be performed here.   The certificate of membership or policy held by Charles H. Ehrman certifies that from a certain date he was admitted as a member of the association, but it is evident that he did not become a member until he had paid the premium and had accepted the policy.   It is true that one of the witnesses testified that the signing of the certificate by the proper officers in New York constitutes the applicant a member of the association, but while that may have been his opinion, we do not think it follows as a conclusion of law from the facts in the record. On the contrary, we see no reason why the general rule applicable to contracts of this character should not apply, namely, that the contract is not a completed contract until it is tendered by one party and accepted by the other.   In the case of *Stevens* v. *The Rasin Fertilizer Company*, 87 Md. 683, the question was presented as to whether certain policies issued by a Mutual Fire Ins. Co. of Massachusetts were Massachusetts or Maryland contracts.   And it was held that they were not consummated and completed until they were delivered here to the insured, and that, therefore, they were to be treated as Maryland contracts.   It will be remembered that the policies here involved were delivered by the defendant's agent to the insured in Baltimore City.

We think it equally clear that these contracts were to be performed in this State.   It appears from the rules and regulations of the defendant as well as by the testimony of its representatives in this State that the assessments and dues were paid by members to him for the company, and that claims of beneficiaries were paid by him for the company to the claimants.   We conclude, therefore, that these con-

tracts were not only made in this State, but that they are to be performed here. But even if it be conceded that the first proposition cannot be maintained, the second must be admitted, upon the facts which we have stated.    The general law applicable to contracts entered into in one State to be performed in another, is thus briefly but comprehensively stated by the Supreme Court in *Scudder* v. *Bank*, 91 U. S. 412; " Matters connected with its performance are regulated by the law of the place of performance ; matters respecting the remedy depend upon the law of the place where the suit is brought."    It would follow, therefore, that even if, as contended by the defendant, these certificates were completed contracts when signed in New York, yet the rights of the parties thereunder must be determined by our law.    And this is the theory upon which the prayers of the defendant itself were framed, for all of them, except one, require the finding of the fact that the policies were delivered to or accepted by the insured here.    But, without regard to authority, it would be a most remarkable situation if all the contracts made by our citizens with foreign corporations, under the same circumstances these were made, are to be construed, and the rights of parties thereunder to be settled, by the laws of other States.    We cannot adopt a view leading to such results.    Of course we do not mean to say that contracts could not have been made in New York to be performed there.

2. The remaining question to be considered is whether the decree passed by the New York Court is binding upon the plaintiff.    The answer to this question in a great measure depends upon another, and that is whether the suit in which the decree was passed was a proceeding in *rem* or in *personam*, for if the latter it is clear the plaintiff is not bound, for the reason that he was not summoned except by publication.    We shall not undertake, nor is it at all necessary for the purposes of this case, to attempt to give any general definition of a judgment *in rem*.    That, says Mr. Freeman, in his work on *Judgments*, is a difficult task, sec.

606.   But there are many cases in which we can at once say no such judgment or decree can be passed.   Such, we think, was the nature of the suit instituted in New York, the decree in which is relied on by the defendant as a defense to the claim of the plaintiff.   There were several claimants for the money due on the policies—but this fact certainly would not change the character of the suit from one *in personam* to one *in rem.*   In the section just cited, 2 *Freeman on Judgments*, sec. 606, it is said :   "There may, however, be cases in which property is in the State, and even in the custody of the Court, and in which the judgment disposing of it is neither *in rem* nor binding on a non-resident party to the action who did not appear therein. Thus it has been held, where an insurance corporation was sued in the State wherein it was located, and paid the money into Court and obtained an order requiring a non-resident claimant to appear and interplead with the plaintiff, and served such order on the non-resident personally in the State of his residence, that such order could not compel the non-resident claimant to appear, and that the judgment finally entered disposing of the moneys in Court was not *in rem*, and constitued no defense to an action brought by the claimant against the corporation in the State wherein he resided."   The case of *Cross* v. *Armstrong*, 44 Ohio St. 614, is cited by the author.   In that case it was held that in a suit brought against the company by the widow of the insured upon a policy in which she is named as beneficiary, in a Court in the State where such company is located, and in which suit, by direction of the Court, the company brings into Court a sum of money sufficient to satisfy the amount due on the policy, and obtains an order requiring the administrator, resident in Ohio, to appear and interplead with such widow as to their respective claims under the policy, service in Ohio of a copy of such order and of citation upon the administrator, do not give the Court jurisdiction of his person and (there being no appearance nor other service on such administrator) a judgment in the action

purporting to debar him from any claim or right as against the widow is, as to him, void.    The opinion of the Court in the case just cited contains a full and careful statement of the law relating to judgments *in rem*, and is worthy of careful consideration.    " The proceeding," says the Court, " was clearly one of interpleader and that only.    We do not understand that an action *in personam*, simply because a debtor brings money, the right to recover which is in contention, and gives to the custody of the Court a sum sufficient to discharge his debt, changes into an action *in rem*, or that an interpleader suit is, in its nature, a proceeding *in rem*." But even if the plaintiff here had voluntarily appeared in the New York Court the other claimant could have effectually disposed of him and his claim by denying his power · as administrator to maintain a suit for the collection of assets in a New York Court.    *Bank* v. *Sharp*, 53 Md. 529; *Story on Conflict of Laws*, sec. 513.

We refrain from commenting upon the fact that the New York suit was commenced *after* our decision in *Thomas* v. *Cochran* was announced, when all doubt as to who was the lawful claimant had been removed, and that it was prosecuted to decree in spite of the fact that both the defendant company and the person to whom the money was paid, the latter being a resident of this State, had, after appearing and answering, been enjoined and prohibited by a decree of Circuit Court No. 2 from proceeding further with the interpleader bill in the New York Court.

It results from what we have said that the demurrer to fourth plea was properly sustained, that the New York Court never had jurisdiction of the plaintiff, that the contracts sued on are Maryland contracts, and that the rights of parties thereunder must be determined by our law, and finally the law announced in *Thomas* v. *Cochran, supra*— namely, that the plaintiff, the administrator of Mrs. Ehrman, the wife of the insured, whose name was endorsed on the policy and entered on the books of the company as beneficiary, is entitled to recover, and that under no circumstances

could the executrix of the husband to whom the defendant paid the money, maintain a suit to recover it in Maryland.

The questions raised by the other exceptions need not be considered, as what we have said disposes of the case.

                                        *Judgment affirmed.*

(Decided June 16th, 1900.)