Ledebuhr v. Wisconsin Trust Co. 112 Wis. 657.

LEDEBUHR, Appellant, vs. WISCONSIN TRUST COMPANY, Administrator, imp., Respondent.

| 112 | 657 |
|-----|-----|
| s115 | 214 |
| 116 | ³ 26 |

*December 20, 1901 — January 7, 1902.*

*Benefit societies: Appointment of beneficiary by will: Jurisdiction of county court: Waiver of by-law: Ultra vires: Obligation of beneficiary to pay debts of assured: Costs.*

1. By the terms of a benefit certificate the beneficiary was to be the friend of the assured whom he might designate in his last will. *Held*, that if the beneficiary so designated is entitled to the insurance money he is entitled to it under the certificate, not under the will, and it is not properly a part of the estate of the assured for administration in the probate court.

2. The issuance of such a certificate was a waiver of any by-law of the insurer violated by naming as a beneficiary the person so designated, or by naming him in that manner.

3. Even if the charter of the insurer required that the beneficiary be named in the certificate, that fact is not available to defeat a recovery by the beneficiary designated in the manner provided in the certificate, no statute or rule of public policy being violated by such designation.

4. Where a benefit certificate provided that the beneficiary should be the friend of the assured whom he might designate in his will, and the will gave the insurance money to a person named, " with the express understanding " that he pay certain debts of the assured, the appointment was complete without payment of such debts; but the appointment and a realization upon the certificate carried therewith an obligation to pay the debts, which might be enforced by any one interested.

5. In an action upon such a certificate by the beneficiary designated in the will of the assured, the money was paid into court and plaintiff's right to it was contested by the personal representative of the assured, who claimed it as a part of the estate. *Held*, that upon a recovery by plaintiff he was entitled to costs payable out of the estate.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

Action to recover on a benefit certificate. The action was commenced by the plaintiff against the order issuing the

certificate, the Grand Grove of Wisconsin of the Order of Druids, such certificate having matured by the death of the assured, Albert C. Krueger. Subsequently the administrator with will annexed, and the heirs of Krueger, were interpleaded as defendants. Upon the trial the order admitted its liability for the sum of $1,000, paid the money into court, and asked to be discharged from further liability. The court found the following facts, among others not necessary to mention:

The Grand Grove of the Order of Druids of the State of Wisconsin is a mutual benefit association duly organized under the laws of the state of Wisconsin and authorized to furnish life insurance to its members upon the assessment plan. Its constitution and by-laws provide, among other things, that the purpose of the death fund is to secure to the heirs of a deceased member the sum of $1,000 at his decease, and that for such purpose there shall be issued to such member, by the grand lodge of the order, a mortuary fund certificate, naming the person or persons who shall be entitled to receive the money. The certificate in question provided that the order should pay, upon the death of the assured and satisfactory evidence thereof, the sum of $1,000 to his friend whom he might designate in his last will and testament. The constitution and by-laws of the company further required payment of the $1,000 to be made to the person named in the mortuary fund certificate. Krueger died June 17, 1896, testate. His will contained the following provision:

"After the payment of my debts and funeral expenses, I give and bequeath to my friend, *Chas. Ledebuhr*, all my personal estate which I now own or which may afterwards come into my lawful possession, also $1,000 insurance money by Teutonia Hain No. 8, V. A. O. D., with the express understanding that said *Chas. Ledebuhr* pay the notes which I owe to people I have on list attached to this my last will and testament."

*Ledebuhr* was named in the will as executor. Upon the trial the defendant insurance order admitted its liability for the sum of $1,000, and paid the money into court for the benefit of whomsoever the court might decide was entitled thereto, and requested to be relieved from further liability. *Ledebuhr* presented the will of Krueger to the proper probate court and it was duly established. He declined to act as executor, and thereupon the *Wisconsin Trust Company* was duly appointed administrator with the will annexed, and it duly qualified. The probate court has ample jurisdiction to determine the rights of the parties interested in Krueger's estate. Numerous claims have been filed in the probate court, and the administration of the estate is still in progress. Krueger left heirs at law. Subsequent to the commencement of the proceedings in the probate court this action was commenced.

Upon such facts the court concluded, as matters of law, as follows: The certificate issued by the Grand Grove of the Order of Druids is null and void and of no effect, and the plaintiff's complaint should be dismissed. Said order, having admitted its liability for the sum of $1,000 and paid it into court in satisfaction of all indebtedness, is discharged. The heirs at law of Krueger, who are defendants in the action, have no right, title, or interest in the fund, and their claim is dismissed. The sum of $1,000 passed to the estate of Krueger and should be administered in the probate court pursuant to his will. The administrator with the will annexed is entitled to the custody of the fund, which should be paid to him, less $6.20 costs of entering judgment. Neither party to this action is allowed costs.

The cause was submitted for the appellant on briefs by *Richard Elsner*, attorney, and *Adolph Huebschner*, of counsel, and for the respondent on the brief of *Julius E. Roehr*.

MARSHALL, J. The record before us presents some singular features. We are unable to discover, with certainty, the

theory upon which the court proceeded in deciding either matters of fact or of law. Notwithstanding the insurance association conceded its liability on the certificate and paid the money called for by it into court, and the plaintiff, by the terms thereof, if any one, was entitled to the fund the same as if his name were written into the certificate as beneficiary, subject to the burden of paying certain debts of the testator mentioned in the will, and the action was at law, costs being recoverable by some party to the action as a matter of right, it was held that the certificate was void absolutely, costs were denied to any party, the money was ordered turned over to the administrator with the will annexed to be administered as part of Krueger's estate, and the association was discharged from further liability. The judgment cannot be justified upon the doctrine of cases holding a life insurance certificate or policy good as a claim against the company though the designation of the beneficiary under it is void because in violation of some statute prohibiting such a designation, or of sound public policy, because the learned court held the certificate void absolutely. Under the circumstances it was quite considerate of the rights of the association that it was let out of court without further liability than the $1,000 paid upon the certificate. The money, evidently, was not paid as a mere donation to be disposed of by the court according to equity. The court did not sit to decide the controversy upon the facts as a mere tribunal of arbitration. The rights of the parties were submitted to it for an adjudication on the law applicable to the undisputed facts. Plaintiff was rightly in court or he was not. The action was at law. Some one was entitled to the insurance money as a matter of right, and the judgment should have been rendered accordingly, with the statutory incident as to costs, which the court had no authority to withhold.

The plaintiff, if entitled to the insurance money at all,.

was entitled to it under the certificate, not under the will. The certificate contained a power of appointment by will as to who should be the beneficiary thereof. That power was executed, the plaintiff being named as beneficiary. The establishment of the will was of no significance to him except as showing a valid exercise of the power. Upon the will being established appellant stood for all purposes as if his name were written into the certificate in place of the power of appointment. The principle is familiar that the appointee under a power takes under the instrument creating the power, not under that executing it. His title rests upon the act creating the power and takes effect as if created by the original instrument. *Doolittle v. Lewis*, 7 Johns. Ch. 45; 18 Am. & Eng. Ency. of Law, 925. An eminent text-writer states the rule thus: It is a rule of universal application that, " when one takes an estate by the execution of a power, it is, to all intents, as if he took by the deed which created the power, and his conveyance had been inserted in that, instead of coming to him mediately through the one holding the power." 2 Washb. Real Prop. (5th ed.), 690.

From the foregoing it is easily seen that appellant's position was not that of beneficiary under the will of Krueger, but under the certificate. The jurisdiction of the county court was a proper resort for the establishment of the will; but if appellant, because of his appointment in the will, legally became the beneficiary of the insurance money, he had no more right to resort to the probate court to recover the same because he was beneficiary by testamentary appointment, than he would have had had he been named as such in the certificate. Assuming that he was properly named as beneficiary, the claim under the certificate formed no part of the estate of Krueger for administration in the probate court, and the decision as to the jurisdiction of that court over the subject of this action was erroneous or immaterial.

It is not claimed that any statute or rule of public policy

stood in the way of Krueger making appellant the beneficiary of his insurance. So it would seem that the concession of liability on the part of the association waived any defense that could have been made to his claim, and entitled him to recover. But he was so entitled regardless of such concession. If the naming of the plaintiff as beneficiary at all, or in the manner adopted, was a mere violation of a by-law, the insurance contract, for the purposes thereof, waived such by-law. The principle is well established and has been frequently applied by this and other courts, that in the absence of fraud the provisions of a certificate or policy of insurance will prevail over any mere by-law with which it may conflict, even though the application for the certificate or policy expressly stipulates that the by-laws of the company issuing it constitute a part of the insurance contract. *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 Wis. 162; *McCoy v. N. W. M. R. Asso.* 92 Wis. 577, 583; *Davidson v. Old People's M. B. Soc.* 39 Minn. 303; *Union M. F. Ins. Co. v. Keyser*, 32 N. H. 313.

We are unable to determine definitely from the record whether the court decided that the designation of appellant as beneficiary was a violation of the by-laws of the association only, or a violation of the charter, or whether it was a violation of both. But if the charter itself required the beneficiary to be named in the certificate, then the rule applies that the defense of *ultra vires* cannot be used to defeat a claim against a corporation, unless the contract involved is wholly executory and there are no grounds of equitable estoppel in the way, or it is prohibited by statute or sound public policy. When a corporation violates its organic act, it commits an offense against the sovereignty of the state, which only the state can punish by proceedings to forfeit its charter, in the absence of some other method provided by statute. That doctrine has become firmly established, and early cases not wholly in harmony therewith must be

considered to have been displaced by the later development
of the law.    *John V. Farwell Co. v. Wolf*, 96 Wis. 10; *Mc-
Elroy v. Minn. P. H. Co.* 96 Wis. 317; *Hubbard v. Haley*,
96 Wis. 578; *Bigelow v. C., B. & N. R. Co.* 104 Wis. 109,
112; *National Bank v. Whitney*, 103 U. S. 99; *Prescott Nat.
Bank v. Butler*, 157 Mass. 548; *Martindale v. K. C., St. J.
& C. B. R. Co.* 60 Mo. 508; *Baker v. N. W. G. L. Co.* 36
Minn. 185; *Gruber v. Grand Lodge*, 79 Minn. 59; *Matt v.
Roman Catholic M. P. Soc.* 70 Iowa, 455; *Bloomington
M. B. Asso. v. Blue*, 120 Ill. 121; *Martin v. Stubbings*, 126
Ill. 387.

The adjudications that might be cited to support such
doctrine are very numerous, even in cases precisely like the
one before us.    In *Matt v. Roman Catholic M. P. Soc.* it
was held that a mutual benefit society cannot, after receiv-
ing assessments upon a certificate of insurance issued by it,
defend against liability thereon on the plea of *ultra vires*.    In
*Bloomington M. B. Asso. v. Blue*, a defense was made to the
certificate upon the ground that the society had no right to
name Blue as the beneficiary; that he was neither named in
the way, nor belonged to the class of persons, provided for
by the charter of the insurance company.    In deciding the
case the court said:

" So far as he [Blue] is concerned the contract is an exe-
cuted one.    .  .  .    We think the law on this question is
well settled that such a defense cannot be made available.
Where the contract has been fully performed by the party
contracting with the corporation, and the corporation has
received the benefits from such contract, it cannot invoke
the doctrine of *ultra vires* to defeat an action brought against
it on such contract."

It was contended in that case that, since the law creating
the corporation authorized the issuance by it of certificates
or policies of insurance for the benefit of the relatives of the
person insured, it inferentially prohibited the making of any
other persons beneficiaries.    But the court held otherwise,

deciding that an absolute statutory prohibition, or a clear violation of some public policy, is essential to enable an insurance company to defend against its insurance contracts upon which it has received benefits, on the plea of *ultra vires*. In a review of the authorities by Mr. Niblack, in his work oñ Benefit Societies, at section 13, though recognizing, as the fact is, that they are not all one way, he concluded that the great weight thereof is in support of the doctrine stated.

It follows that the insurance society had no defense to the certificate, and appellant was entitled to recover thereon under the power contained in the certificate. He took the legal right to the claim represented thereby as completely as if his name were written into the certificate as beneficiary without the accompanying obligation to pay the debts of the testator named in the execution of the power. It will be noticed that appellant was not, under the execution of the power of appointment, to be the appointee upon his paying the debts as specified by the testator, but he was made the appointee with the understanding that he would pay such debts. The appointment and a realization upon the certificate will carry therewith an obligation to pay the debts specified in the execution of the power of appointment, which any one interested, by the remedy suited to his case, may enforce.

It appears that this appeal is only from those parts of the judgment to the effect that the administrator with the will annexed, *The Wisconsin Trust Company*, is entitled to the insurance money as part of the estate of Krueger, awarding the same to it accordingly, and dismissing the plaintiff's complaint without costs to either party. Those parts of the judgment referred to must be reversed, and the cause remanded to the trial court with directions to so shape the judgment as to adjudge that appellant was, at the time of the commencement of the action, entitled to recover accord-

ing to the prayer of the complaint and is entitled to the money paid into court upon the certificate, and to order the payment thereof accordingly; and to further adjudge that he is entitled to recover his taxable costs of contesting with said company the right to said money, costs to be paid out of the estate of Krueger.

*By the Court* — So ordered.