No. 2565

## RUTHERFORD *v.* UNION LAND AND CATTLE COMPANY

April 5, 1923.                         213 Pac. 1045.

1. INTERPLEADER—PAYMENT OF REWARD INTO COURT HELD NOT TO DIVEST SUBSEQUENT INTERVENER OF INTEREST IN DEPOSIT.

   Where defendant was sued for the recovery of a reward offered for capture of persons who had stolen its property, deposited the sum of the reward in court, and noticed a motion for order substituting others as defendants and for order dismissing and discharging it from liability to plaintiff and the defendants named, it thereby admitted title to the reward in some of the named claimants, but such action did not operate to divest the title of one not a party thereto, and did not divest a subsequent intervener claiming the reward of an interest in the fund deposited.

2. JUDGMENT—CANNOT AFFECT RIGHTS OF THIRD PARTIES NOT BEFORE COURT.

   Judgments at law or decrees in equity affecting the rights of parties to property cannot affect the rights of third parties not before the court.

3. Interpleader—Interpleader Not Sued in Rem.

A suit in interpleader is not a suit in rem, affecting the personal status of parties or things.

4. Interpleader—Essential Element of Interpleader Stated.

An essential element of the equitable basis of interpleader is that two or more persons have made claims against the same thing, debt, or duty.

5. Interpleader—Statute Permits Summary Proceeding where Interpleader Lies.

Rev. Laws, 5005, permits a summary proceeding in cases where a bill of interpleader would lie, and is governed by the same principles, except in so far as it has enlarged the scope of the equitable remedy with reference to conflicting claimants whose titles or claims have not a common origin, or are not identical, but which may be adverse to and independent of one another.

6. Parties—Principles Governing Interpleader Considered with Rule that, where Chancery Assumes Jurisdiction, it Will Determine Entire Subject-Matter.

The substance of the rule that, when chancery assumes jurisdiction of a cause on any equitable ground, to avoid more than one suit, and in order that a complete and final decree adjusting the rights and equities of the parties in interest may be entered, it will reach out and draw into consideration the entire subject-matter, bringing before it all parties interested therein, is the subject-matter of Rev. Laws, 5008, which empowers the court to bring in other parties when a complete determination cannot be had without them.

7. Interpleader—Essence of Suit to Protect One from Double Vexation in Respect to One Liability.

The essence of an interpleader suit is to protect one from a double vexation in respect to one liability.

8. Interpleader—Fact that Intervener Has Other Remedy Not Reason why He Should Not Intervene.

Where after payment of a reward into court in suit by a claimant therefor and the entry of an order substituting other claimants as parties defendant an additional claimant of the reward intervened under Rev. Laws, 5006, the fact that the intervener's right of action against the original defendant on the contract of reward might not have been affected by any decree rendered in the interpleader's suit was no reason why he should not have been permitted to intervene.

9. Parties—Statute Liberally Construed.

Rev. Laws, 5006, providing that any person may intervene in an action who has an interest in the matter in litigation, should be liberally construed to effectuate its purpose to secure the determination of controversies between several persons as to property rights in one action.

APPEAL from the Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Action by H. H. Rutherford against the Union Land and Cattle Company, in which P. E. Woodward and others were substituted as defendants, and in which H. C. Nicholson intervened. From an order striking complaint in intervention from the files and denying intervener leave to file amended complaint, he appeals. **Reversed.**

*Stoddard & Salisbury,* for Union Land and Cattle Co.

*A. Jurich,* for Woodward.

*H. W. Edwards,* for Enslow.

*J. M. Lockhart,* for Murray, Wheeler, and Renear.

*V. H. Vargas,* for Appellant:

Where bill of interpleader was allowed to relieve defendant from conflicting claimants, money admitted owing various conflicting claimants was deposited into court; where certain claimants were substituted as defendants and after such substitution, another person who claimed interest in fund was permitted to assert his right, held, not violation of procedure. Bolin v. Ry. Co., 61 S. W. 447.

To avail himself of right to intervene, applicant must have either interest in matter in litigation or in success of one of the parties to the action, or an interest against both of them. Such interest must be direct, and not consequential, and one which is proper to be determined in action in which intervention is sought. Isaacs v. Jones, 53 Pac. 793.

The general rule declared in Harlan v. Eureka M. Co., 10 Nev. 92, is, as Judge Hawley declared it to be, only a general rule, not an absolute rule nor one applicable to every case.

The true test is language of statute itself: Has intervener "an interest in matter in litigation, in success of either of the parties, or an interest against both"? Coffey v. Greenfield, 55 Cal. 382. Either would be sufficient. Stich v. Goldner, 38 Cal. 610.

Though a complaint may be utterly insufficient, amendment should be allowed, and cause permitted to

proceed. The practice of taking advantage of a defective pleading by motion for judgment, or by objection to evidence, instead of by demurrer (where demurrer will lie) should not be encouraged. Parties should not be allowed to secure any greater advantage by such practice than they would gain by demurring at proper time. California State Telegraph Co. v. Patterson, 1 Nev. 150.

An order made ex parte granting leave to intervene is not violation of procedure. Kimball v. Richardson-Kimball Co., 43 Pac. 1111, 20 R. C. L. 690.

Whenever objection that there is defect of necessary or proper parties is raised, it is duty of court in a summary manner to order them in, and to retain cause for that purpose, and to decide issues upon merits. Pomeroy, Code Remedies, sec. 310.

The intervener cannot retard the principal suit. He must take it as he finds it and be on time with his pleadings, witnesses, etc., and file his complaint before trial. 20 R. C. L. 688, sec. 27.

*C. H. Handwright* and *Chandler & Quayle,* for Respondent:

When all facts concerning claims of several claimants are before court, the court should, at time of ordering interpleader, determine to whom funds belong without further pleadings or proof. But, if controversy between claimants is not ripe for decision at time order for interpleader is made, the court should direct issues between adverse claimants to be framed in such manner as will best serve interests of justice. The court may even direct that a separate action at law be brought to establish rights of separate claimants. 15 R. C. L. 232; 23 Cyc. 32; note in 35 Am. Dec. 709.

"The affidavit required by interpleader act is merely a substitute for a bill." Starling v. Brown, 7 Bush, 164.

If judgment between original parties would in no way affect right of intervener to sue either or both parties, he has no such interest in matter in litigation as will entitle him to intervene. Clark v. Eureka

County Bank, 116 Fed. 534; State v. Mack, 26 Nev. 430; Gibson v. Hjul, 32 Nev. 360.

The taking of interpleading proceedings against certain claimants and deposit of money into court, and discharge of stakeholder from liability to claimants named, amounts in law to conclusive admission that the money belongs to one or more of the named claimants, and is to be paid to that one of them who can establish best right to it. If all but one of them disclaims or are defaulted, the money automatically goes to survivor without any proof on his part. 23 Cyc. 30; U. P. Ry. Co. v. Belek, 211 Fed. 697–704; Maggi v. Cassidy, 181 N. W. 27. This being so, how can this appellant who was not one of the interpleaded claimants have any claim to or interest in that particular fund?

By the Court, DUCKER, C. J.:

The Union Land and Cattle Company offered a reward of $2,500 for the capture of two persons who had stolen its property and who had shot two of its employees when they were endeavoring to recover the property.

Thereafter, on June 2, 1920, respondent instituted an action against the company for the recovery of the reward. After the institution of the action the company noticed a motion for an order of the court substituting P. E. Woodward, W. S. Enslow, F. T. Murray, Frank Wheeler, and D. B. Renear as defendants in the action in the place and stead of the defendant company, and for a further order dismissing the company and discharging it from any and all liability to the respondent and said last-named persons, upon the company's having deposited in court, or having delivered to such persons as the court should direct, the sum of $2,500 offered by the company as a reward.

An affidavit in support of the motion was made by the president of the company showing, among other matters, that the persons sought to be substituted had made demands upon the company for the reward, or some part thereof, and it was ignorant of the respective

rights of each and all of the said claimants, and did not know which, if any, were entitled to receive the reward. An order was duly made substituting them as defendants in the place of the company, conditioned for its discharge from further liability to the respondent and the substituted defendants, upon the company paying the amount involved to the clerk of the court. Thereafter the money involved was paid by the company to the clerk of the court, and an order was made dismissing the action as against the Union Land and Cattle Company.

On February 9, 1922, the court made an order prescribing the pleadings and framing the issues between the then parties to the action. After this order was made, the appellant, Nicholson, filed his complaint in intervention, and on February 17, 1922, by order of the court, was permitted to become a party to the proceedings.

Among other matters, it was alleged in the complaint in intervention that shortly after the offer of said reward, on being informed of such offer and promise, and confiding in and relying upon the said offer of reward, the said H. C. Nicholson, being then and there a private citizen of the United States of America and a resident of the city of Ely, county of White Pine, State of Nevada, did, on or about the 23d day of February, 1920, at the town of East Ely, county and state aforesaid, assist in the apprehension and capture of one Leonard W. Fristoe, one of the robbers for whom said reward was offered, and did thereafter assist in placing said Leonard W. Fristoe in the custody of the sheriff of White Pine County, Nevada.

That said intervener is informed and believes and upon such information and belief alleges the facts to be that, after the apprehension of said robbers referred to in said reward, the said Union Land and Cattle Company, not knowing to whom said reward should be paid, but admitting its liability to some one for the apprehension of said robbers, deposited with the clerk of the above-entitled court the amount of said reward and

that the said reward now is in the hands of said clerk of said court in the above-entitled action.

That said intervener is informed and believes and upon such information and belief alleges the facts to be that on or about the 22d day of February, 1920, and prior to the capture and arrest of said Leonard W. Fristoe, the said Joseph W. Bell, the other of said robbers, did voluntarily surrender and give himself up to and was then in the custody of the sheriff of White Pine County, State of Nevada, thereby rendering it impossible for said intervener or any one else to comply with the terms of the said offer of reward as to the capture of said Joseph W. Bell.

Thereafter the respondent, Rutherford, moved the court for an order vacating and setting aside the order granting appellant leave to file his complaint in intervention, and for an order striking the same from files in said cause, upon the grounds: Firstly, that said order was made ex parte and without notice of the application therefor having been given to respondent; secondly, that the money paid into court in said cause by the original defendant, Union Land and Cattle Company, was so paid for the benefit only of the claimants thereto specified in the affidavit of intervention made in said cause in behalf of the Union Land and Cattle Company, and that, after such payment into court, and the discharge of the Union Land and Cattle Company from the action, no person not mentioned in said affidavit of interpleader is entitled to intervene or claim any portion of the money so deposited in court; thirdly, that said complaint in intervention does not show that H. C. Nicholson (appellant) has an interest in the matter in litigation in said cause, or in the success of either or any of the parties, or an interest against both, sufficient to entitle him to intervene.

The motion was granted on the second and third grounds set forth therein, and an order entered vacating the previous order granting leave to file the complaint in intervention, and striking the same from the files. Thereupon counsel for appellant asked leave of court to

serve and file an amended petition in intervention, which was denied by the court. Thereafter counsel for respondent duly noticed a motion asking leave to file an amended complaint, which motion was denied by the court. From the orders striking the complaint in intervention from the files and denying appellant leave to file an amended complaint in intervention, this appeal is taken. Error is assigned on these grounds.

1. It is contended by respondent that appellant, who was not one of the interpleaded claimants, has no claim or interest in the particular fund which is now the subject-matter of the litigation, and is not entitled to intervene.

In this respect it is argued that, while he may have had an interest in the subject-matter of the litigation when the action was originally instituted by the respondent against the Union Land and Cattle Company on the contract of reward, the subject-matter changed when the money offered as a reward was paid into court, and the company discharged from liability to the parties then in court; that, under the rules of interpleader, these proceedings amounted to an adjudication that the fund deposited in court belonged to the one of the parties impleaded who could establish the best right to it, or some portion of it.

We are not impressed with the theory advanced by respondent that the institution of the interpleader suit by the Union Land and Cattle Company, in which the substituted defendants were named in its affidavit, and the subsequent procedure in court, operated to change the subject-matter of the original action—that is, the contract of reward — and deprived appellant of any interest in the fund deposited in court.

Suppose, instead of money offered as a reward, the subject-matter of the litigation was personal property of another character; could it be said that the interpleader proceedings deprived appellant of his interest in it, if he had any?

2, 3. The fund deposited in court represented the consideration of the contract on the part of the company. The effect of the affidavit was to admit title to

this consideration in some of the named claimants as against the company, but it surely does not operate to divest the title of one not a party to the proceedings. A decree of the court in the interpleader proceedings could not operate to that extent. Judgments at law or decrees in equity affecting the rights of parties to property cannot affect the rights of third parties not before the court. A suit in interpleader is not a suit in rem affecting the personal status of parties or things. Life Insurance Co. v. Gooding, 19 Tex. Civ. App. 490, 49 S. W. 123; Expressmen's Assn. v. Hurlock, 91 Md. 585, 46 Atl. 957, 80 Am. St. Rep. 470; Cross v. Armstrong, 44 Ohio St. 613, 10 N. E. 160.

As stated by the Supreme Court of the United States:

"The general doctrine that, where there is a fund in court to be distributed among different claimants, a decree of distribution will not preclude a claimant not embraced in its provisions, but, having rights similar to those of other claimants who are thus embraced, from asserting by bill or petition his right to share in the fund, is established by numerous authorities, both in England and the United States." In the Matter of Howard, 9 Wall. 175-187 (19 L. Ed. 634).

4, 5. It is true an essential element of the equitable basis of interpleader is that two or more persons have made claims against another for the same thing, debt, or duty. Orr Water Ditch Co. v. Larcombe, 14 Nev. 53. It is likewise true that section 5005 of the Revised Laws of Nevada, under which the interpleader proceedings were instituted in this case, merely permits a summary proceeding in cases where a bill of interpleader would lie, and is governed by the same principles, except in so far as the statute has enlarged the scope of the equitable remedy with reference to conflicting claimants whose titles or claims have not a common origin, or are not identical, but which may be adverse to and independent of one another.

6. But the principles governing equitable interpleader must be considered in connection with the rule of equity that, when a court of chancery has once

assumed jurisdiction of a cause on any equitable ground, it will, for the purpose of avoiding more than one suit, -and in order that a full, complete, effectual, and final decree adjusting the rights and equities of all parties in interest may be entered and enforced, reach out and draw into consideration and determination the entire subject-matter, bringing before it all parties interested therein. 10 R. C. L. 370. The substance of this rule is the subject-matter of section 5008 of the Revised Laws of Nevada, which empowers the court to bring in other parties when a complete determination of the controversy cannot be had without their presence. It would seem, therefore, that the court in this case, having assumed jurisdiction on equitable grounds, is not without power to bring in other parties having an interest in the subject-matter of the suit. Statutes similar to the foregoing section have been liberally construed by the courts so as to accomplish substantially the same results as intervention.

7. The very essence of an interpleader suit is to protect one from a double vexation in respect to one liability. Fogg v. Goode, 78 Fla. 138, 82 South. 614; 2 Storey's Eq. Juris. (14th ed.) par. 1118. The Union Land and Cattle Company has availed itself of the remedy open to it to avoid a double vexation, with that very end and aim in view. If the intervention of Nicholson is denied, the sole purpose of the remedy which the law contemplates the company might avail itself of is defeated, and, as said in Newhall v. Kastens et al., 70 Ill. 156, if, under the circumstances, we should hold that Nicholson cannot be made a party, "chancery would be wanting in its power to do justice where the law, by reason of its universality, fails, if it could afford no relief under the facts presented by this record."

In support of their contention counsel for respondent cite and discuss several cases to the effect that a bill of interpleader admits the indebtedness of the complainant to some of the defendants, and, if one defaults or is finally determined to have no claim, the fund belongs to the other, as a matter of course. With the

exception of Michigan, etc., v. White et al., 44 Mich. 25, 5 N. W. 1086, these cases were decided without any reference to an intervening claimant, and for the reasons heretofore given we are unable to consider the Michigan case or the others as authorities on the question before us.  The following cases, in which a claimant having an interest in the fund in controversy was permitted to intervene in an interpleader proceeding, have been called to our attention: Wineman v. Lillibridge, 117 Mich. 320, 75 N. W. 617, and Bolin v. St. Louis S. W. Ry. Co. of Texas et al. (Tex. Civ. App.) 61 S. W. 444.

8.  Appellant intervened pursuant to section 5006 of the Revised Laws of Nevada, which reads in part:

"Any person may, before the trial, intervene in an action .or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both."

Respondent contends that appellant has not the interest contemplated by the statute to entitle him to intervene, because his right of action against the Union Land and Cattle Company on the contract of reward, if he has any, will not be affected by any decree which may be rendered in the interpleader suit.  The fact that intervener may have another remedy is no reason why he should not be permitted to intervene.  On this point authorities are ample and satisfactory.  People v. California Safe Deposit Co., 168 Cal. 241, 141 Pac. 1181, L. R. A. 1915A, 299; Potlatch Lumber Co. v. Runkel, 16 Idaho, 192, 101 Pac. 396, 23 L. R. A. (N.S.) 536, 18 Ann. Cas. 591; Walker v. Sanders, 103 Minn. 124, 114 N. W. 649, 123 Am. St. Rep. 276, and note; Taylor v. Bank of Volga et al., 9 S. D. 572, 70 N. W. 834; 20 R. C. L. 689; 11 Ency. Pl. & Pr. 502.

Counsel for respondent contend that the case of Harlan v. Eureka Mining Co., 10 Nev. 92, controls this case, and hence the judgment must be affirmed.  The facts of the instant case do not bring it within the rule asserted in the former case.  It will be observed that the Harlan case was an action at law, while the present

proceeding is a suit in equity, wherein we are controlled by equitable principles. The court in the Harlan case was particular not to lay down the rule there declared, as one governing every situation, but as a "general rule." Without expressing any opinion as to our view of that case, we content ourselves with saying that, since no one loses or gains by a judgment or decree, in the strict sense of the term, unless he is a party or in privity with one who is, to rigidly enforce the rule adopted in Harlan v. Eureka Mining Company, would necessarily preclude any one from intervening in an action or suit, except privies. Such cannot be said to have been the intention of the legislature in adopting the statute authorizing intervention.

9. We think it should be liberally construed to effectuate its purpose to secure the determination of controversies between several persons as to property rights in one action, and thus prevent unnecessary litigation.

As appellant's complaint in intervention shows an interest in the matter in litigation, the orders of the district court vacating the order giving him leave to intervene, and striking his complaint in intervention from the files, should be reversed.

It is so ordered.