(103 So. 63)

**PARKER et al. v. MOSAIC TEMPLARS OF AMERICA. (3 Div. 479.)**

(Court of Appeals of Alabama. Oct. 7, 1924. Rehearing Denied Nov. 18, 1924. Affirmed on Mandate Feb. 17, 1925.)

**1. Insurance ⬅️775—Beneficiary held to take under policy as beneficiary, and not under will or devise.**

Under fraternal benefit society insurance policy providing that it should be payable to certain classes to whom it should be willed or assigned, beneficiary took as a beneficiary, and not under a will or devise.

**2. Insurance ⬅️783—Statute designed to protect rights of subsequent beneficiaries of insured and society in making payment to such beneficiaries.**

Code 1923, § 8445, providing that each member of a fraternal benefit society shall have right to designate his beneficiary, and that no beneficiary shall obtain any vested interest in benefit until it has become due and payable, is designed to protect rights of subsequent beneficiaries of insured, selected by him, and to protect society in making payment to such beneficiaries.

**3. Insurance ⬅️787—Fraternal benefit society required to pay when terms of contract have been met.**

When terms of contract on part of insured have been met and a loss occurs, fraternal benefit society must pay.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action on a policy or certificate of insurance by Wilkse Parker and others against the Mosaic Templars of America. Following adverse rulings on pleading, plaintiffs take a nonsuit and appeal. Reversed and remanded.

Certiorari granted by Supreme Court in Ex parte Mosaic Templars of America, 212 Ala. 471, 103 So. 65.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellants.

No change having been made by the assured after the death of the beneficiary named in the policy, her interest became vested, and her heirs are entitled to the proceeds of the policy. Thomas v. Cochran, 89 Md. 390, 43 A. 792, 46 L. R. A. 160; Expressmen's Mut. Ben. Ass'n v. Hurlock, 91 Md. 585, 46 A. 957, 80 Am. St. Rep. 470; Johnson v. Hall, 55 Ark. 210, 17 S. W. 874; Drake v. Stone, 58 Ala. 133; Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367.

C. H. Roquemore, of Montgomery, for appellee.

The interest of the beneficiary was in expectancy, which interest was extinguished when she died before the happening of the contingency. Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367; Hoeft v. K. of H., 113 Cal. 91, 45 P. 185, 33 L. R. A. 174; 4 Cooley's Briefs on Ins. 3756; Baker v. Mosaic Templars, 135 Ark. 65, 204 S. W. 612, L. R. A. 1918F, 776; Code 1923, § 8445.

SAMFORD, J. The plaintiffs are the only heirs at law of Bettie Alexander, deceased, and as such bring this suit. The defendant is a fraternal society and as such on January 13, 1912, issued its policy of insurance on the life of Nancy Raife. In the face of said policy it is provided:

"Nancy Raife, of Athletic C. No. 826. Located at Montgomery, state of Alabama, was a financial member and in good standing at the issuing of this policy; if they should so continue until death, their widow, widower, mother, father, sister, brother or relative by blood to the fourth degree ascending or descending to whom this policy may be willed or assigned shall be paid any sum not to exceed $300.00."

Nancy Raife continued a member of the society in good financial standing until her

death on, to wit, November 12, 1922, entitling the beneficiary under the policy to receive $300. Proof of the death of the insured was duly made and filed with the society. At the time the policy was issued Nancy executed and filed with the society the following "will and assignment:"

"I, Sister Nancy Raife, do hereby will and assign the benefits of this policy to: Name of beneficiary: Mother Bettie Alexander. Whatever amount may be due 'on this policy."

This assignment was duly witnessed by the officers. Bettie died before Nancy, owing no debts, but no change was ever made or attempted as to the beneficiary.

[1] We are of the opinion that the words, "to whom this policy may be willed or assigned," as used in the policy, does not contemplate a last will and testament in its legal acceptation, but is the method employed by the society in designating the beneficiary, and that the beneficiary takes as a beneficiary, and not under a will or devise. Dennett v. Kirk, 59 N. H. 10; Thameuf v. K. of B. of Pa., 12 Pa. Super. Ct. 195; Kepler v. S. L. K. of H., 45 Hun (N. Y.) 274; Ledebuhr v. W. T. Co., 112 Wis. 657, 88 N. W. 607. It may be, if the contract or the by-laws of the society provided for a designation of a beneficiary by a last will and testament solely, such requirement would be valid, but in the instant case it is so obvious that the words used were for the purpose of indicating to the society who the beneficiary was to be, it is needless to discuss those authorities holding to the view that, where the designation is by will, the legal formalities must be complied with.

It also appears that Bettie Alexander was the mother of the insured, and therefore was within the degree of relationship permitted in the policy.

[2, 3] It is not necessary for us to decide whether a change of the beneficiary could have been made under the terms of the policy or the constitution and by-laws of the society. In the instant case, it was not done, although the beneficiary died before the insured. We are not unmindful of that provision in section 8445 of the Code of 1923:

" * * * Each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member."

But we cannot be brought to believe that the statute above quoted plans any such limitations as would result in a confiscation of the premiums paid by the member, which would be the case if we should construe the statute as contended for by appellee. The statute was evidently designed to protect the rights of subsequent beneficiaries of the insured, selected by him, and to protect the society in making payment to such beneficiaries. As to who the beneficiary is, the society has no voice so long as such beneficiary is within the proper degree of relationship to the insured, and the designation is made according to such rules as will give the society notice. A policy of life insurance issued by a fraternal benefit society in reality differs very little from an ordinary life insurance contract. When the terms of the contract on the part of the insured have been met and a loss occurs, it becomes the duty of the society to pay. Any other rule would be a subversion of justice, unfair to the insured, and unjust to every honest fraternal issuing contracts of insurance to its member. The contract of insurance in this case differs in no substantial point from ordinary life insurance policies issued by ordinary life insurance companies. True, in mutual aid societies the members are bound by the constitution and by-laws of the society, but in spite of this there still remain the mutual obligations under the contract. This principle is recognized in several cases by the Maryland Court of Appeals cited and quoted from in Thomas v. Cochran, 89 Md. 390, 43 A. 792, 46 L. R. A. 160. The case just cited is in many respects analogous to the case at bar. To the same effect is the holding in Johnson v. Hall, 55 Ark. 210, 17 S. W. 874; Handwerker v. Diermeyer, 96 Tenn. 619, 36 S. W. 869. One of the clearest statements of the law to be found in the books is that of Phillimore, J., in the case of Caddick v. Highton et al., 68 Law Journal (new series) 281, a case almost, if not quite, the same as the case at bar, where he says:

"The legal personal representative of the party to a contract is always entitled, and in many cases is bound, to stand in the shoes of his principal. I do not see anything in the words relied on by counsel for the defendants, that the society will pay the nominees in all cases, to prevent this money being due to the legal personal representative of the nominee, and therefore I decide this case in favor of the plaintiff upon the second ground, which is that the legal personal representative of a nominee where the nomination has not been revoked is entitled to stand in the position of the nominee and to receive the policy moneys from the society."

In cases where the controversy was between the estate of the insured and the beneficiary, the courts have sometimes held the title to the insurance fund was in one and sometimes in another, but we have found only one state where the courts have held that the death of the beneficiary prior to the death of the insured relieved the insured of the duty to pay. To the contrary of this the Supreme Court of Arkansas, being the state of the domicile of this society, and in which state the contract here sued on was execut-

ed, in a case similar to the one here. being considered held:

"The contract in the case at bar and the benefit certificate issued by the society constitute an ordinary insurance policy." Block v. Valley Mut. Ins. Assn., 52 Ark. 202, 12 S. W. 477, 20 Am. St. Rep. 166.

Also, in a later case from the same state, where a beneficiary had died before the insured member of a mutual benefit society, it was held that:

"The appellants were entitled to represent their mother and to take her share of the proceeds of the benefit certificate held by their grandmother." Johnson v. Hall, 55 Ark. 210, 17 S. W. 874.

If neither the policy nor the constitution and by-laws provided for a change of beneficiaries, then the original beneficiary had an interest in the policy which descended to her heirs. IV Cooley's Briefs, p. 3755 (q), Ib. 3779, and authorities there cited. If there was a provision for a change of beneficiaries and *it was done*, then no interest in the policy became vested. 4 Cooley's Briefs, p. 3758; Lamont v. Grand L. Iowa L. of H. (C. C.) 31 F. 177. In the instant case the mother was designated as beneficiary, and no change or effort to change this was made prior to the death of the insured. So that in any event the rights of Bettie Alexander became vested before the bringing of this suit. That being the case, and no administration being necessary under the pleadings in this case, the heirs of Bettie Alexander, the beneficiary named in the policy, are the proper persons to whom the proceeds of the policy should be paid. Thomas v. Cochran, 89 Md. 390, 43 A. 792, 46 L. R. A. 160; Expressman's Mut. B. Assn. v. Hurlock, 91 Md. 585, 46 A. 957, 80 Am. St. Rep. 470; Chartrand v. Brace, 16 Colo. 19, 26 P. 152, 12 L. R. A. 209, 25 Am. St. Rep. 235.

The rulings of the trial court were in conflict with the above, and for such errors the judgment is reversed and the cause is reinstated on the docket in the circuit court for trial.

Reversed and remanded.

PER CURIAM. Affirmed on authority of Ex parte Mosaic Templars of America, 212 Ala. 471, 103 So. 65.